THE ATLANTA & FLORIDA RAILROAD CO. *vs.* BLANTON.

| 80 | 563 |
|----|-----|
| 97 | 342 |
| 80 | 563 |
| 101 | 389 |
| 80 | 563 |
| 103 | 686 |
| 80 | 563 |
| 113 | 692 |
| 80 | 563 |
| 119 | 68 |

1. Where injunction was granted against a railroad company to prevent the laying of its track upon certain land, subject to be dissolved by the payment of an award of damages which had been made to the land owner, and the railroad company brought the case to this court, this court has the right to hear and consider evidence of an accord and satisfaction, or settlement of the case outside of the record transmitted from the court below, and it being satisfactorily shown that since the case was brought here, the injunction has been dissolved by the company's paying the money, found by the award, in full; and that the railroad has been constructed and is being operated over the land, the case will be dismissed.

2. The fact that the payment was made under protest can make no difference. No judgment that could be rendered by this court, if the case were retained, would authorize plaintiff in error to recover the money it claims to have paid under protest.

(a) If the appeal from the award, taken by the railroad company, should be tried in the court below and the jury should find a less sum for damages against the company than was given by the award, perhaps it could recover the excess paid to the land owner.

May 21, 1888.

Practice in Supreme Court.

Reported in the decision.

MYNATT & CARTER, for plaintiff in error.

HALL & HAMMOND, *contra*.

SIMMONS, Justice.

Blanton filed his bill in Spalding superior court, wherein he alleged that the Atlanta & Florida Railroad Company

was constructing a railroad from the city of Atlanta south-
ward and through a part of Spalding county, and had en-
tered upon the lands of the complainant and begun to
grade a railroad bed; that at the instance of the railroad
company, arbitrators were selected who awarded the com-
plainant $500 for his damages and for the privilege to said
railroad company to build its road over and across his
lands; that the railroad company appealed from the decis-
ion of the arbitrators to the superior court; that it contin-
ued to work on said railroad and would soon reach his
lands and would lay its track thereon and occupy said
lands, unless said company, its agents and employés.
were enjoined from laying down the railroad track over
and across the lands of the complainant.

The defendant answered the bill; and on the hearing,
the court below " enjoined the defendant as prayed for in
the bill, the injunction to be dissolved on payment of the
amount of the award." The defendant excepted and
brought the case to this court for review. When the case
was called for hearing in this court, counsel for the defend-
ant in error filed the following motion, which was sworn
to by one of the counsel:

" And now comes the defendant in error, by his counsel, and moves
to dismiss the writ of error in the above stated case, on the following
ground: Since the granting of the injunction in said case by the
chancellor, to which the writ of error was taken, the same has been
dissolved by the payment by the plaintiff in error to the defendant
in error of the full amount of the damages awarded to the defendant
in error, to-wit, the sum of $520.90. Said payment was made Feb-
ruary 24th, 1888, by Colonel P. L. Mynatt, as attorney for said rail-
road company, to W. R. Hammond, as attorney for B. P. Blanton.
The company has constructed its road and is now operating the same
over the land of the defendant in error, since the injunction was dis-
solved as aforesaid."

Counsel for the plaintiff in error objected to this motion
and insisted that this court could not hear the same; be-
cause the matter set up in the motion as sworn to by said
counsel did not appear in the record of said case as certi-
fied to by the judge below and transmitted to this court by

the clerk of the superior court of Spalding county. It was further insisted, in an affidavit of the superintendent of said road, that if this court should entertain said motion, the case should not be dismissed, because said payment was made under protest, that the work of constructing said railroad had been stopped by injunction, and that if said money had not been paid, the railroad company would have sustained large damages by reason of having its operations suspended by the injunction.

1. In cases of this kind, we think this court has a right to hear and consider evidence of an accord and satisfaction, or settlement of the case outside of the record transmitted from the court below. It is shown by this motion or plea, that the injunction granted by the court below has been dissolved; that the railroad has been constructed over the land of the defendant in error, and is now running over the same; and that the complaint and damages claimed in the original bill as awarded by the arbitrators have been fully settled by the plaintiff in error. Why then should the time of this court be taken up in hearing and determining a case which has been settled. If this court should reverse the judgment of the court below in granting the injunction, what good would it accomplish? It would only operate as a dissolution of the injunction. That has already been accomplished by the act of the plaintiff in error.

It was held in Salmon *vs.* Pixlee, by the Supreme Court of Connecticut, as early as 1806, (2 Day, 242,) that an accord and satisfaction might be pleaded in bar of a writ of error. In the case of Cheong Moy *vs.* United States, 113 U. S. 216, the Supreme Court of the United States, after hearing evidence outside of the record, declined, in view of such evidence, " to decide a question arising in a case which no longer existed, in regard to rights which it could not enforce." In the case of Dakota county *vs.* Glidden, 113 U. S. 22, the Supreme Court held that " evidence of facts outside of the record, affecting the proceeding of the

court in a case on error or appeal, will be received and considered when deemed necessary by the court, for the purpose of determining its action." In the case of San Mateo Co. *vs.* Southern Pacific Railway Co., 116 U. S. 138, the Supreme Court dismissed a case when it was made to appear in that court outside of the record that, the railroad company had paid the debt in full. It was dismissed on the ground that there was no longer an existing cause of action. See also *Hartell vs. Searcy*, 32 *Ga.* 190, and *Kirtland vs. Mayor and Council of Macon*, 61 *Ga.* 747, in the latter of which cases it is held that settlements and compromises are exceptions to the rule laid down in that case.

2. We do not see how the fact that the payment was made under protest could change our ruling in this case. No judgment that we could render in this case would authorize the plaintiff in error to recover the money which it claims to have paid under protest. If the appeal case should be tried in the court below and the jury should find a less sum for damages against the railroad company, perhaps the railroad company could recover the excess from Blanton.

We think, therefore, that this injunction being dissolved by the action of the plaintiff in error, there is no case here for us to consider and determine. See *Howard vs. Durand*, 36 *Ga.* 346. It is therefore ordered that the case be dismissed.