## HENDRICKS *v.* JACKSON *et al.*

1. As originally constructed the petition set out a cause of action. An encroachment upon a public alley of a municipality is a public nuisance. One whose property rights will be injuriously affected by the unauthorized obstruction of a street furnishing an avenue of approach to his place of business, which obstruction will render the place less valuable and less remunerative, can maintain an action to prevent the infliction of such special injury.

2. The plaintiff's amendments to her petition and the admissions of her counsel in open court, appearing in the second division of the opinion, did not so change the petition as to deny the plaintiff the right to appropriate relief.

3. Where an owner of abutting property files an equitable petition to prevent the erection of a building upon a portion of a public alley, on the ground that she will suffer a special injury not shared in by the general public, and where pending the suit the building is constructed, if upon the trial the plaintiff establishes her right to enjoin the erection of the building and its maintenance as a nuisance, that right may be enforced by appropriate order the essential nature of which is to restrain, although in yielding obedience to the restraint the defendant incidentally may be compelled to perform some act.

FEBRUARY 10, 1915.

Equitable petition. Before Judge Mathews. Bibb superior court. November 17, 1913.

*West & Dasher,* for plaintiff.

*Ryals & Anderson,* for defendants.

EVANS, P. J. The plaintiff alleged, that she was the owner of certain real estate in the City of Macon, abutting on a public alley, known as the Park Hotel property; that the defendants were the owners of the land directly across the alley from her property, and were undertaking to erect permanent and substantial improvements on their lot, consisting of a concrete two or three-story building; that they had laid the foundations in such a way that the building when constructed would encroach on the alley two feet and nine inches for the whole length of the plaintiff's lot, and prevent the use of that portion of the alley for alley purposes; that the permanent improvements encroaching on the alley will greatly injure her, for the reason that her property is located in the heart of the city, and consists of a building for hotel purposes, and the more air, light, and alley space surrounding the building the more valuable will be her property; that the encroachment will injure her property for the use to which it is now put (a hotel), and for an office building or for an apartment building, for which it is emi-

nently fitted; that the injury which she would sustain from the construction of the building would not be possible of accurate computation, but would not be less than ten thousand dollars; that the encroachment is without warrant or right, constitutes a nuisance, and is being erected in violation of an ordinance of the city, set out in the petition. In paragraphs 13 to 18, inclusive, it was alleged that the defendants had, by throwing the dirt from the excavations into the alley and diverting the surface-water, caused her property to be damaged in a certain amount. The prayer of the petition was for judgment against the defendants for the sum of twenty thousand dollars, and that they be enjoined from encroaching on the alley, and from dumping thereon any more dirt from the excavation of the defendants' premises. An interlocutory injunction was refused, and that judgment was affirmed by this court. 139 *Ga.* 604 (77 S. E. 816). The case came on for a hearing on its merits, when the plaintiff amended her petition by striking therefrom paragraphs 13 to 18, inclusive, and also the words "and dumping thereon any more dirt from the excavation of defendants' premises," as contained in the prayers of the petition; and· by alleging that the encroachment on the alley causes special injury to her, not participated in by the general public, for the reason that the alley is the approach to her premises and is used as such, and that she is entitled to the full width of the alley, and has an easement therein. She further amended by adding a prayer that the nuisance be abated, and for such further relief as may to the court seem meet and proper in the premises. The plaintiff's counsel announced in open court that he waived any right of. the plaintiff under the petition to recover for permanent damages to her property, and elected to pursue the remedy for injunction alone; and also admitted in open court that pending the suit the construction of the building, and the excavations, had been fully completed, and the building was then occupied. Thereupon counsel for the defendants moved to dismiss the action, on the ground that the injury sought to be enjoined was an injury to the value of the property, which was not irreparable in damages, and for which the plaintiff had an adequate remedy at law; and on the further ground that the plaintiff could not now pursue the remedy of injunction, and was not entitled to the injunction sought, and was not entitled to have the alleged encroachment abated as a nuisance in this pro-

ceeding. The court sustained the motion and dismissed the petition, and the plaintiff sued out a writ of error.

1. As originally constructed the petition set out a cause of action. An encroachment upon a public alley of a municipality is a public nuisance. One whose property rights will be injuriously affected by the unauthorized obstruction of a street furnishing an avenue of approach to his place of business, which obstruction will render the place less valuable and less remunerative, can maintain an action to prevent the infliction of such special injury. *Coker* v. *A., K. & N. Ry. Co.*, 123 *Ga.* 483 (51 S. E. 481) ; Civil Code (1910), § 4455.

2. The plaintiff's amendments and admissions did not change the nature of the action as originally alleged in the petition. The elimination of the allegations of damages alleged to have resulted from the excavation, and from the piling of dirt and rubbish in the alley pending the construction of the building, had no effect on the cause of action to prevent a partial obstruction of the alley. The waiver of the plaintiff's right to recover permanent damages to the property is perfectly consistent with her cause of action to enjoin a public nuisance which injured her property. The amendment offered and allowed contemporaneously with the admission stresses the plaintiff's contention that the encroachment on the alley will cause special injury to her, not participated in by the general public. It is urged that the amendment to the prayer that the nuisance be abated and that such other relief as may be appropriate be granted, in connection with the amendments and admissions made at the trial term, converts the action into one for the abatement of a completed and existing nuisance, and that the remedy of injunction is not available. It is conceded that the statutory remedy to abate a nuisance (Civil Code (1910), §§ 5329-5339) affords a remedy in cases of existing nuisances, unless the special facts make that remedy inadequate. *Broomhead* v. *Grant,* 83 *Ga.* 451 (10 S. E. 116). But it will be remembered that when the plaintiff began her action the building had not been erected, and she sought to prevent its erection. Manifestly the statutory remedy to abate a nuisance applies to cases where the nuisance actually exists, and not where it is only threatened. It would be inverted logic to hold that an owner of abutting property who would suffer a special injury from the erection of a public nuisance in a public

street, and who files a suit to enjoin its threatened erection, loses his right to have a trial on the merits of his case, because the defendant has executed his threat by completing the nuisance before the trial term of the case. If the defendant persists in erecting the building after service of the plaintiff's suit on him, he does so at his peril. The plaintiff has a right to have the merits of his case passed upon by a jury, and neither the denial of an interlocutory injunction nor the erection of the building pending the action can take that right from her. The plaintiff's right of action rests upon the status at the time of the institution of her suit. The defendants' threatened wrong—if such it is found to be at a trial on the merits of the case—can not be converted into a right by the completion of the alleged wrongful act.

3. It is further contended that inasmuch as the building is completed, and has become a permanent obstruction, the court is unable to aid the plaintiff except by a mandatory injunction, which is not permissible under the statute. The code declares, "An injunction can only restrain; it can not compel a party to perform an act. It may restrain until performance." Civil Code (1910), § 5499. A court of equity is always resourceful to find means to effectually afford relief lawfully within its power and jurisdiction. If the plaintiff establishes on the trial her right to restrain the erection of the building as asserted in her petition, and its maintenance, the court could decree, under suitable penalty, that the defendants should not maintain the nuisance erected pendente lite in defiance of the plaintiff's protest. While an injunction which is purely mandatory in its nature can not be granted, the court may grant an order the essential nature of which is to restrain, although in yielding obedience to the restraint the defendant may incidentally be compelled to perform some act. *Goodrich* v. *Georgia R. Co.*, 115 *Ga.* 340 (41 S. E. 659). The statute never was intended to enable a defendant to destroy the plaintiff's right of action by doing, pendente lite, the act the commission of which the plaintiff was equitably entitled to restrain.

For the present purpose it is unnecessary to discuss the cases in which writs of error based on the refusal of interlocutory injunctions have been dismissed, on the ground that no supersedeas was granted and the act sought to be enjoined was completed; or to determine whether later decisions of the character mentioned are in

accord with the decision in *Kirtland* v. *Mayor & Council of Macon,* 62 *Ga.* 747, and that in *Atlanta & Florida Railroad Co.* v. *Blanton,* 80 *Ga.* 563 (6 S. E. 584), with its differentiation from the case just cited. Suffice it to say that these decisions dealt with refusals to grant interlocutory injunctions to preserve a status until final trial, and involved largely discretionary action, while the present case involves the right to have a final jury trial, on an equitable action, under the practice in this State, and to obtain appropriate relief, without having that right destroyed, pendente lite, by the wrongful conduct of the defendant in completing the erection of the nuisance.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*