## RIDER v. PORTER, solicitor-general.

GEORGE, J. 1. A court of equity has jurisdiction, at the instance of a solicitor-general, to restrain by injunction the continuance of a public nuisance. *Mayor &c. of Columbus* v. *Jaques*, 30 *Ga.* 506; *Lofton* v. *Collins*, 117 *Ga.* 434 (43 S. E. 708, 61 L. R. A. 150); *City Council of Augusta* v. *Reynolds*, 122 *Ga.* 754 (3), 760 (50 S. E. 998, 69 L. R. A. 564, 106 Am. St. R. 147).

2. Any permanent structure in a public road which materially interferes with travel therein is a nuisance per se. *Columbus* and *Augusta* cases, supra; *Robins* v. *McGehee*, 127 *Ga.* 431 (56 S. E. 461). Any obstruction in a public road, permanent in nature or continuously maintained at a particular point on a certain portion of the road, which interferes with the free use of the road by the public, is a public nuisance. At common law "any contracting or narrowing of the highway is a nuisance." 1 Russ. Cr. 346. It is immaterial that sufficient space is left on either side of the obstruction for the passage of the public, relatively to the question here decided. The public have the right to the unobstructed use of the whole road as it was acquired by the county. 3 Elliott on Roads and Streets (3d ed.), § 828.

3. Accordingly, where in the information filed by the solicitor-general it was alleged that the defendant had daily, for several months past, stationed his wagon at a given point on a named public road in the county, placed a peanut roaster and a gasoline engine in the public road, arranged fruits and bottled soft drinks about his wagon on the public road, at which point he exposed for sale and sold his goods "for days at a time" to the public; and "that said defendant has kept this up at practically the same place on said public road until he has virtually established a place of business in and upon said public road," and where in the answer filed by the defendant the substantial allegations of the petition were admitted, but it was contended that the public road at the point named was between forty and fifty feet wide, and that the conduct of the defendant had not interfered with the use of the road by the public, and that the citizens of the county, with the exception of one competitor in business, had made no complaint of defendant's use of the road at the point in question, the grant of an interlocutory injunction, restraining the defendant from obstructing the public road and from maintaining a permanent place of business therein, was not erroneous.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
No. 702. MARCH 12, 1918.

Injunction. Before Judge Wright. Floyd superior court. October 17, 1917.

*F. W. Copeland,* for plaintiff in error.
*Maddox & Doyal,* contra.