30111.   CRANE *v.* MAYS *et al.*

DECIDED OCTOBER 19, 1943.

*Brown, Jones & Parks,* for plaintiff.
*Marvin G. Russell,* for defendant.

BROYLES, C. J.   Mrs. Annie L. Mays and fifty other persons filed an application under the Code, § 72-201, to abate an alleged nuisance.   The application was headed "Georgia, Fulton County," directed to "The Hon. Paul Wilson and Ben S. Prickett, Justices of the Peace for said County," and named A. C. Crane and L. J. Crane as defendants.   By paragraphs it was as follows: "1.   That they [applicants] are citizens of the 530th District, G. M., known as Black Hall District of said county, and that on the 1st day of December, 1938, and prior thereto, and from thence to this date, have resided on their property in said . . district near the intersection of Perkerson Road and Stewart Avenue.   2.   On or about December 1st, 1938, A. C. Crane and L. J. Crane established an automobile wrecking yard and junk yard on the west side of Stewart Avenue at the intersection of and on the southwest corner of Perkerson Road and Stewart Avenue.   3.   All during the day and during part of the night wrecked automobiles are being pulled, pushed, and driven into said wrecking yard, and are being dissembled and assembled.   Said operations are accompanied by great amount of noise, and the workmen use profane and obscene language which is uttered in loud tones.   4.   That due to unsanitary

conditions of said yard, there being no sewer or sewerage connections running to or from said place of business, . . there are no water connections or water supply of any nature running to said place of business. 5. That the accumulation of stagnant waters in and around said place, catching and standing in old fenders, old bodies and the like, creates mosquito-breeding places, and that said yard or junk place is allowed to grow up in weeds, creating additional unsanitary conditions which tend to cause and create fire hazards around said yard. 6. That oftentimes during the day and parts of nights there is a burning of old rubber and refused leather around said yard, creating objectionable and terrible odors therefrom. 7. That the community in which this nuisance exists is almost an exclusive small residential section, the most of these petitioners residing right near to, and some adjacent to, said junk and wrecking yard of said defendants." They prayed that the nuisance be abated as provided by law.

The defendants demurred to the petition; the demurrer was overruled, and that judgment was assigned as error in the petition for certiorari. Error was assigned also on the judgment in favor of the petitioners. In the bill of exceptions error is assigned on the order overruling certain exceptions to the answer of the magistrates, and on the judgment overruling the certiorari.

The petition was drawn under the Code, § 72-201, which reads: "Any nuisance which tends to the immediate annoyance of the citizens in general, is manifestly injurious to the public health or safety, or tends greatly to corrupt the manners and morals of the people may be abated and suppressed by the order of any two or more justices of the peace of the county, founded upon the verdict of 12 freeholders of the same county, who shall be summoned, sworn and impaneled for that purpose; which order shall be directed to and served by the sheriff of the county or his deputy." In *Savannah, Florida & Western Ry. Co.* v. *Gill*, 118 *Ga.* 737 (45 S. E. 623), which was a proceeding to abate a public nuisance, the court held: "The private citizen *specially damaged* by such a nuisance may proceed in his own name and behalf to have the same abated." (Italics ours.) In *Ison* v. *Manley*, 76 *Ga.* 804, the court held that a petition to abate a public nuisance must show some special damage to the petitioner in which the public did not participate, or the petition should be dismissed on demurrer. In

*Moon* v. *Clark,* 192 *Ga.* 47 (14 S. E. 2d, 481), the court held: "In order for an individual to abate a public nuisance it is necessary that he show special damages." In *Simpson* v. *DuPont Powder Co.,* 143 *Ga.* 465 (85 S. E. 344, L. R. A. 1915E, 430), the court said: "Nuisance being an indirect tort, there is no presumption of damages from its maintenance; and the plaintiff, in order to recover in this case, must show the fact of the nuisance and consequent damages to her." The petition in the instant case was filed by fifty-one individuals, and failed to show or even to allege any special injury to any of them, or any special damages to their properties. It follows that the petition was fatally defective, and that the trial magistrates erred in overruling the general demurrer. That error rendered the further proceedings in the trial court nugatory. This ruling being controlling on the case, it is unnecessary to pass on the assignment of error on the overruling of the exceptions filed to the answer of the magistrates. The overruling of the certiorari was error.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*