30285. SCOTT v. REYNOLDS.

546

*Martin, Martin & Snow,* for plaintiff in error.

*Carlisle & Bootle,* contra.

SUTTON, P. J.   Miss Susie Reynolds sued W. C. Scott for damages, and alleged substantially as follows: She was the owner of lot number 4 in block F of the resubdivision of the Rutherford Investment Company's property as shown by a plat recorded in the clerk's office of the superior court of Bibb County; her lot fronted on Rutherford Avenue and extended back to a 20-foot alley, and had a tenant house located thereon; she purchased the lot according to the recorded plat, which showed an alley had been laid off along the rear of her lot for the use of the owners of the lots abutting the alley; when she purchased the lot, she acquired the right to use and pass over said 20-foot alley for ingress to and egress from her lot; she held said lot under a deed dated November 15, 1937, which was recorded in the clerk's office of the superior court of Bibb County; subsequently to her purchase of the lot, the defendant made a tremendous excavation approximately 75 feet deep in the ground near her lot, and destroyed the alley, and caused a precipitate slope at the approximate rear line of her lot, which prevented ingress to and egress from the rear of her lot, and prevented the use of the rear of her lot; the excavation was dangerous and hazardous; it had destroyed the use of Ella Street, one of the streets shown on said plat, and over which she acquired the right of passage when she purchased her lot; the excavation was a public nuisance and she had suffered special damages by reason of it because of the destruction of the 20-foot alley and the destruction of Ella Street; the excavation had proceeded up to her lot line and was too near for safety, and was a dangerous hazard to her property because of the natural erosion which would result on account of the proximity of the excavation to her lot and the sandy soil in the area where the lot and

the excavation were located; the excavation was made by the defendant for the purpose of obtaining sand, and was approximately 75 feet deep. Judgment was sought in the sum of $1500.

The defendant demurred to the petition on the grounds that it set out no cause of action; that it contained no allegation showing wherein the defendant had damaged the plaintiff; that there was a misjoinder of causes of action, in that the plaintiff sought to recover in the same action damages allegedly inflicted to her property, and damages allegedly sustained by reason of the defendant having obstructed an easement; and especially to paragraph 7, which alleged in substance that the defendant made a tremendous excavation in the ground near the plaintiff's lot, and destroyed the alley in the rear of the lot by removing the dirt therefrom to a depth of approximately 75 feet, which had caused a precipitate slope or precipice that marked the approximate rear line of her lot and made impossible any ingress to or egress from her lot at any point along the rear line of same and prevented the use of the rear portion of her lot, and was hazardous and dangerous, on the ground that the allegations were immaterial, irrelevant, and prejudicial, in that there was no allegation that the defendant did not own said property, and have the right to use it as he pleased. The court overruled the demurrer as to each ground thereof, and the defendant excepted pendente lite to this judgment, and assigned error thereon.

The defendant answered, and denied that he had destroyed the alley and street and admitted he had removed sand from property adjoining the alley; he alleged that the alley had never been opened as a traveled way, and that he had not done anything which would prevent the alley from being used if persons legally entitled to use it should desire to open it.

The plaintiff amended her petition and alleged in substance that the defendant had conducted said excavation without reference to the plaintiff's rights and with such entire want of care for her rights as to evidence a conscious indifference to the consequences of his operations, and that by reason thereof she was entitled to recover the sum of $500 as exemplary damages, which sum was included in the $1500 for which recovery was sought in the original petition.

■ The defendant contended that the general demurrer should

have been sustained on the ground that the petition did not set out a cause of action, for that it did not show that the operations and excavation by the defendant constituted a public nuisance, or that the plaintiff had been specially damaged thereby. The petition alleged that the plaintiff held title to a lot abutting a 20-foot alley over which she held the right of passage for ingress to and egress from her lot; that the defendant destroyed the alley by making an excavation to a depth of approximately 75 feet; that the plaintiff purchased her lot in a subdivision which contained, among other streets, Ella Street, and that she had the right of passage over this street, but that the defendant had destroyed this street by the excavation; that at the rear of her lot the excavation was approximately 75 feet deep and this prevented her from using the rear portion of her lot and that it was hazardous and dangerous. As against the general demurrer, the allegations were sufficient to set out a cause of action. The petition alleged that the alley was laid off as a public alley. "One whose means of egress from and ingress to his property abutting on a public highway is illegally and unnecessarily interfered with by the placing of obstructions in and the plowing up of . . . such way lying in the highway by another, not the public authority charged with the duty of maintaining and keeping in repair such highway, suffers a special injury and may maintain an action for damages therefor against the wrong-doer, his injury being different from that suffered by the public at large, although such obstruction and interference may also constitute a public nuisance. . . Punitive damages may be recovered where the circumstances are such as to justify the allowance thereof. . . . The fact that the landowner may have a more circuitous route does not prevent the recovery of damages." *Barham* v. *Grant,* 185 *Ga.* 601, 605 (196 S. E. 43). A public alley is considered as a public street or highway and is governed by the same rules applicable thereto. 3 C. J. S. 886. In this connection, also see *Hendricks* v. *Jackson,* 143 *Ga.* 106 (84 S. E. 440). The petition likewise alleged that the defendant had by the excavation destroyed the use of Ella Street. It is not necessary for property in a subdivision to abut on a street for such property to be injured by the obstructing or closing of such street so as to prevent the use of the street by the public. *Adair* v. *Spellman Seminary,* 13 *Ga. App.* 600, 606 (79 S. E. 589). A general demurrer goes to the whole pleading to which it is ad-

dressed, and should be overruled if any part of the pleading is good in substance. *McLaren* v. *Steapp*, 1 *Ga.* 376. Under the allegations of the petition, a cause of action was stated, and the court did not err in overruling the general demurrer thereto.

■ The defendant demurred specially to the petition on the ground that there was a misjoinder of causes of action, in that the plaintiff sought to recover damages for injuries to her property and also damages for injuries sustained by her by reason of the defendant having obstructed an easement. "All claims arising ex contractu between the same parties may be joined in the same action, and all claims arising ex delicto may in like manner be joined." Code, § 3-113. The plaintiff's action was in tort, and all damages claimed were sought by reason of the alleged tortious acts of the defendant in creating and maintaining an excavation in the ground which it was alleged constituted a public nuisance and destroyed the use of a street and an alley and otherwise injured the plaintiff's property. The court did not err in overruling the special demurrer to the petition.

■ The contention that the court erred in overruling the special demurrer to paragraph 7 of the petition is without merit. "A nuisance is anything that works hurt, inconvenience or damage to another; and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance." Code, § 72-101. "Generally, a public nuisance gives no right of action to any individual. If a public nuisance shall cause special damage to an individual, in which the public do not participate, such special damage shall give a right of action." Code, § 72-103. Whether or not the acts of the defendant constituted a public nuisance, as contended by the plaintiff and denied by the defendant, and whether or not the defendant had by the excavation destroyed the alley abutting the plaintiff's property, as contended by the plaintiff, or had made the excavation on property adjacent to the alley, as contended by the defendant, were issues for the jury to determine.

■ The defendant contends that the court erred in overruling the general grounds of the motion for a new trial because the evidence was insufficient to show that the defendant's activities constituted a public nuisance. There was evidence to the effect that in 1928, Jake Heard, the owner of the land, had it subdivided into streets, alleys, blocks, and lots, and had a plat thereof made and

recorded showing this subdivision. This plat showed, among other streets and alleys, Ella Street extending from Houston Avenue on the east to Antioch Road on the west, and bounding block F on the south, and a 20-foot alley extending through this block and forming the southern boundary of lots numbers 1 through 19 of the block. In 1928, Heard conveyed lots numbers 1 through 16 of block F to H. H. Sapp, and in the deed conveying these lots described them according to the recorded plat and referred to them as abutting on a 20-foot alley on the south. By a succession of grantors, the plaintiff acquired title to lot number 4 of block F, and her deed to said lot referred to the recorded plat. After the plaintiff acquired title to her lot, the defendant leased certain lands from Heard for the purpose of mining sand therefrom. In operating his sand pit the defendant excavated to a depth of 75 feet in places, and this excavation crossed Ella Street and the center line of the 20-foot alley, so that where this street and alley were located, as shown by the recorded plat, was a lake of mud, sand, and water. Any encroachment upon a public road by a private individual which interferes with the full use of such road by the traveling public is a public nuisance. *Southeastern Pipe-Line Co.* v. *Garrett,* 192 *Ga.* 817 (16 S. E. 2d, 753), and cit. Also see *Rider* v. *Porter,* 147 *Ga.* 760 (2) (95 S. E. 284). The defendant contends that there was no evidence that Ella Street was a public street, or that the alley was a public alley, and that even if they were destroyed or obstructed, their destruction or obstruction would not constitute a public nuisance. The evidence is uncontroverted that the owner of the land, under whom both the plaintiff and the defendant claim, subdivided the land into lots, blocks, alleys, and streets, and had made and recorded a plat showing such subdivision, and sold lots according to the recorded plat. The lot owned by the plaintiff was one of the lots conveyed after the plat of the subdivision had been made and recorded, and plaintiff's deed in describing the lot referred specifically to the recorded plat. In order to constitute a dedication of property as a public street, there must be an offer to dedicate, either express or implied, and an acceptance of the offer by the proper authorities or the public, which acceptance may be either express or implied. *Penick* v. *County of Morgan,* 131 *Ga.* 385 (62 S. E. 300); *Georgia Railroad & Banking Co.* v. *City of Atlanta,* 118 *Ga.* 486 (45 S. E. 256). In the present case, the location, size,

and boundaries of Ella Street and the 20-foot alley were shown on the recorded plat which was referred to in the deed conveying lots in this subdivision. This was an offer on the part of the owner to dedicate the same as a public street and a public alley. It is a well-established principle of law that the acceptance of an offer to dedicate lands for a public street or road may be shown by proof that the proper authorities assumed control over such road or street and worked it. *Kelsoe* v. *Town of Oglethorpe,* 120 *Ga.* 951 (48 S. E. 366, 102 Am. St. Rep. 138) ; *Mayor and Council of Americus* v. *Johnson,* 2 *Ga. App.* 378 (58 S. E. 518), and cit.; *Morgan* v. *Shirley,* 172 *Ga.* 727 (158 S. E. 581). It was not necessary for the jury to find that both Ella Street and the 20-foot alley had been dedicated as a public street and a public alley, and that thereafter both had been obstructed by the defendant for the defendant's operations to constitute a public nuisance, but if either the street or the alley was a public street or a public alley and the defendant's operations had obstructed it and prevented its use by the public, this would be sufficient to constitute a public nuisance. *Southeastern Pipe-Line Co.* v. *Garrett, Barham* v. *Grant, Hendricks* v. *Jackson,* and *Rider* v. *Porter,* supra. Irrespective of whether the evidence as to the acceptance of the 20-foot alley as a public alley was sufficient to show an acceptance of same as a public alley, the evidence as to Ella Street was sufficient to authorize a finding by the jury that it had been accepted as a public street by the county authorities and was a public street. It was shown by the evidence that after Ella Street had been laid off on the recorded plat as a street and lots sold by the owner of the land referring to this plat in the deeds conveying the lots, the county authorities worked the street from its intersection with Houston Avenue to the crest of the hill, and that it was used for traffic all the way through from Houston Avenue to Antioch Road until the use of the street was prevented by the excavation of the defendant. There was evidence that "Ella Street did run all the way from Houston Avenue back to Antioch Road. It was used for traffic before they dug it away," and "Ella Street was open all the way through when I bought there, and I have traveled through Ella Street . . before [Mr. Scott] reached Ella Street [with his sand-mining operations]. I can't travel there now. You would go in the 50 or 75-foot hole. It was open so people could go through. . . It was a street for

public use," and "Ella Street was passable to her [Miss Moncrief's] house on the hill because the county took care of it." The jury was authorized to find that Ella Street was a public street and that the operations of the defendant in excavating a 50 to 75-foot hole across the street whereby the public was prevented from using the street was a public nuisance. The petition also alleged that the maintaining of the excavation was a public nuisance. Under the evidence, the jury was authorized to find that the operation by the defendant of the sand pit constituted a public nuisance within the provision of the Code, §§ 72-102 and 72-103. It was not necessary for the property of the plaintiff to abut on Ella Street for it to be injured by the obstruction of the street. The plan or scheme indicated by the subdivision, in which the plaintiff's lot was located, is regarded as a unity, and it is presumed that lots with convenient cross-streets are of more value than they would be without such cross-streets; that the original owner would not have donated lands for cross-streets unless it gave added value to the lots; and that the purchasers of such lots paid this added value when buying their lots. *Adair* v. *Spellman Seminary*, supra, and cit. *Bayard* v. *Hargrove*, 45 *Ga.* 342; 350. The evidence is uncontroverted that the 20-foot alley was laid off on the recorded plat as an alley; and that the plaintiff purchased her lot with reference to the recorded plat and this alley. There was evidence to the effect that the owner of the property used the alley when the houses were constructed on the lots which abutted the alley, and that where the alley was formerly located there was, at the time the suit was filed, an excavation from 50 to 75 feet deep; and that travel over the alley was impossible, due to said excavation. "When the owner of these lands laid them out into streets and lots, which were designated . . . on a map or plat, . . . expressly referring in the deeds conveying the lots to these streets as boundaries, the purchasers acquired rights of way over the streets so laid off . . . and title to the fee in one half of the soil embraced in the streets adjoining their lots." *Tietjen* v. *Meldrim,* 169 *Ga.* 678, 699 (151 S. E. 349). If the operations of the defendant constituted a public nuisance and prevented or materially interfered with the plaintiff's right of passage over the alley for ingress to and egress from her lot, which she held under her deed, the injury to the plaintiff caused special damage to the plaintiff in which the public did not participate, and was suffi-

cient to give her a right of action irrespective of whether the alley was a private or a public alley, the gist of the injury being the interference with or destruction of the plaintiff's right of ingress to and egress from her property over the alley, and not the injury to the alley itself. The depreciation in the value of the plaintiff's property caused by the obstruction of Ella Street, if the jury found such were the facts, was a special injury to the plaintiff in which the public did not participate. Under all the facts and circumstances of the case, whether or not the operations of the defendant constituted a public nuisance, and whether or not the defendant suffered special damage thereby, were questions for the jury to determine. The jury resolved these issues in favor of the plaintiff, and this finding has the approval of the trial judge and is supported by evidence. The court did not err in overruling the general grounds of the motion for a new trial.

■ In special grounds 1 and 6 of the motion, the defendant contends that the court erred in allowing the plaintiff and the witness, H. H. Sapp, to testify that the defendant never gave them notice of his intention to excavate any portion of the alley in the rear of their lots, over the objections of the defendant that such testimony was irrelevant and immaterial because the defendant was under no legal obligation to give such notice. The record discloses that the witness, H. H. Sapp, had a similar action against the defendant, and that by agreement of all parties the two cases were tried together. The evidence is uncontroverted that the deed under which the plaintiff held title to her lot referred to the recorded plat and that her deed and the deed from Jake Heard were recorded in the clerk's office of the superior court of Bibb County. The defendant testified that he did not know where the boundary lines were between the properties of the plaintiff and the property upon which he was operating a sand pit, but that neither Miss Reynolds nor the witness, H. H. Sapp, had ever said anything to him about removing sand from the pit. The petition alleged that the defendant had removed the soil from the alley to a depth of 75 feet in places, and that the excavation came up to the boundary line of the plaintiff's property. Even if the defendant had acquired the right to remove soil from the alley, before making the excavation up to the boundary line of the plaintiff's property, he was charged with a duty of giving her reasonable notice of his intention to so do. Code, §

85-1203. Under the facts of the present case, the plaintiff under her deed acquired the right of passage over the alley for ingress to and egress from her property, and also acquired title to the soil embraced in the half of the alley adjoining her lot. *Tietjen* v. *Meldrim,* supra. She alleged that the defendant conducted his operations at the sand pit without reference to her rights, and so as to evidence a conscious indifference to the consequences of his acts, and she sought to recover punitive damages as well as actual damages from the defendant. "Where there has been a breach of duty giving rise to a cause of action and the injured party claims punitive damages, all the surrounding circumstances accompanying the breach of duty, may be given in evidence to the jury." *L. & N. Railroad Co.* v. *Forrest,* 6 *Ga. App.* 766 (3) (65 S. E. 808). In this connection also see *Barham* v. *Grant,* supra. The evidence was not inadmissible for any reason assigned, and the court did not err in overruling special grounds 1 and 6 of the motion for a new trial.

■ In special ground 2, the defendant contends that the court erred in permitting the witness, W. B. Leverette, to testify that he had complained to the defendant about the excavation, over the objections of the defendant that such evidence was irrelevant and immaterial; and that the court erred in permitting this witness to testify that he had presented a petition of the property owners to the defendant, over the objections of the defendant that where he conducted his sand pit was private property, and under no construction of the evidence could the sand pit be classed as a public nuisance. A business which is itself lawful may become a nuisance because of the locality in which it is operated or because it is conducted in an improper manner. *Warren Company* v. *Dickson,* 185 *Ga.* 481 (195 S. E. 568). And a business which is lawful in itself may become a nuisance when from its situation, its inherent qualities, or the manner in which it is conducted it causes material injury to the property of another. *Tate* v. *Mull,* 147 *Ga.* 195 (93 S. E. 212). While a sand pit is not a public nuisance per se, it may become one under some circumstances. 46 C. J. 718, § 143. That the witness and the other property owners in the neighborhood had protested to the defendant with respect to the manner in which he conducted his operations at the sand pit was relevant on the issue as to whether or not the operations constituted a public nuisance, and also on the issue of exemplary or punitive damages.

Where testimony is objected to as a whole, and a part of it is admissible, it is not error to refuse to exclude the testimony. *Columbian Peanut Co.* v. *Pope*, 69 *Ga. App.* 26, 30 (24 S. E. 2d, 710). The evidence was not inadmissible for any reason assigned, and the court did not err in overruling special ground 2 of the motion for a new trial.

■ In special ground 3, the defendant contends that the court erred in allowing the witness, W. B. Leverette, to testify that the excavation was not fenced or provided with guard rails, and that it was not lighted at night; that the bottom of the excavation was something between mud and quicksand in places, and mud and water in other places; that the water at the rear of the plaintiff's lot was 15 or 20 feet deep; that after the defendant removed the sand, he allowed the overburden to remain and children went there; that one child lost its life, and the child of the witness almost did the same; and that the excavation was dangerous; over the objections of the defendant that the evidence was irrelevant and immaterial, and injected issues in the case which were not authorized, and upon the further ground that the witness was testifying in part to conditions near Henry Street which was a separate operation from the one at the rear of the plaintiff's property. The evidence was relevant to show the circumstances and conditions surrounding the operations of the defendant. The plaintiff in her petition alleged that the excavation was dangerous, and this evidence was relevant to show the condition which existed at the rear of the plaintiff's property where the alley had been located, and the condition which existed at the location of Ella Street, there being evidence that the excavation consisted of one large hole. The evidence was not inadmissible for any reason assigned, and the court did not err in overruling special ground 3 of the motion for a new trial.

■ In special grounds 4, 5, and 7 of the motion, the defendant contends that the court erred in permitting the witnesses, W. B. Leverette, W. E. Defore, and H. H. Sapp, to testify as to the depth of the excavation, and as to the condition existing at the bottom of the excavation being dangerous because it looked like firm earth and would suddenly give away and allow anyone walking on it to sink down in it, over the objection of the defendant that the evidence was irrelevant and immaterial. Whether or not the excavation was hazardous and dangerous as alleged by the plaintiff was one of

the issues in the case. The evidence was relevant and material as to this issue, and was not inadmissible for any reason assigned, and the court did not err in overruling special grounds 4, 5, and 7 of the motion for a new trial.

■ It is contended in special grounds 8 and 9 that the court erred in charging the jury, "Now, gentlemen, as I stated in the beginning, these petitions are brought for alleged special damages because of an alleged public nuisance," and, "Now, in order for the plaintiffs to recover in these cases, the plaintiffs must show by a preponderance of the evidence, the existence of the nuisance complained of, that is, the sand pit to be a public nuisance, and that they suffered injury, and that the injury complained of was caused by the alleged nuisance," upon the ground that such charges were not authorized by the evidence for the reason that there was no evidence that the sand pit was a public nuisance. The plaintiff alleged that the excavation was a public nuisance, and that she was injured thereby. The defendant denied these allegations. There was evidence to support the allegations of the petition, and the court did not err in submitting the issue to a jury for its determination.

■ In special grounds 10, 11, and 12, the defendant contends that the court erred in charging the jury: "I charge you that everyone has the right to use his property as he sees fit, and I charge you the proper operation of a sand pit is not a nuisance in and of itself. As I said, everyone has the right to use his property as he sees fit, provided that in so doing he does not invade the rights of others unreasonably, judged by the ordinary standards of life and according to the notions of reasonable men;" and: "Now I charge you the privilege of use incident to the rights of property must not be exercised in an unreasonable manner, so as to inflict injury upon another unnecessarily. To constitute a nuisance, the use made must be such as to produce actual, tangible and substantial injury to neighboring property itself, or such as to interfere sensibly with its use and enjoyment by persons of ordinary sensibilities;" and, "Therefore, if you should believe that the use of the property by the defendant complained of is unreasonable and such as to produce actual, tangible and substantial injury to neighboring property itself, or to interfere sensibly with its use and enjoyment by persons of ordinary sensibilities, the use would constitute a nuisance;" upon

the grounds that there was no evidence that the sand pit was operated in an illegal or unreasonable manner or that the sand pit, or its operations had injured any person who had a right to complain. It is not contended that the charges do not contain accurate principles of law but the contention is that the charges were not authorized by the evidence. There is no merit in this contention. In this connection see the Code, §§ 72-101, 72-103, 72-104; *Holman* v. *Athens Empire Laundry Co.*, 149 *Ga.* 345 (100 S. E. 207, 6 A. L. R. 1564); *Rider* v. *Porter*, and *Barham* v. *Grant*, supra. The court did not err in overruling special grounds 11 and 12 of the motion for a new trial.

In special ground 13, the defendant contends that the court erred in charging the jury: "The plaintiff seeks to recover from the defendant for alleged damages alleged as permanent injuries to her property known as lot number 4 . . for an alleged public nuisance, for allegedly depriving plaintiff of her right of passage over Ella Street, right of ingress and egress to lots over the 20-foot alley in the rear of the lots, loss of lateral support," upon the grounds that there was no evidence to support it, and contends that the evidence showed that neither the maintenance of the sand pit nor any other act of the defendant constituted a public nuisance, and that it was error for the court to charge that the plaintiff was suing for such damage in the absence of any evidence to support such a claim. There is no merit in this ground of the motion for a new trial.

The evidence authorized the verdict, no error of law appears, and the court did not err in overruling the motion for a new trial. *Judgment affirmed. Felton and Parker, JJ., concur.*