31710. HENDERSON *v.* EZZARD.

DECIDED SEPTEMBER 26, 1947.

726

*E. E. Moore Jr., S. S. Robinson,* for plaintiff.
*C. D. Stewart, James A. Miller,* for defendant.

SUTTON, C. J. (After stating the foregoing facts.) "Any nuisance which tends to the immediate annoyance of the citizens in general, is manifestly injurious to the public health or safety, or tends greatly to corrupt the manners and morals of the people may be abated and suppressed." Code, § 72-201. And "A public nuisance may be abated on the application of any citizen specially injured." § 72-202. "If the nuisance complained of shall exist in a city having a population of 20,000 or more, the police court of such city, whether known as mayor's or recorder's court or otherwise designated, shall have jurisdiction to hear and determine the question of the existence of such nuisance, and, if found to exist, to order its abatement." § 72-401. The obstruction of a public road is such a nuisance that any citizen specially injured by the obstruction may proceed in his own name to have the same abated. *Savannah, Florida &c. Ry. Co.* v. *Gill,* 118 *Ga.* 737 (45 S. E. 623). "A public alley is considered as a public street and is governed by the same rules applicable thereto." *Scott* v. *Reynolds,* 70 *Ga. App.* 545, 548 (29 S. E. 2d, 88). It was held in *Hendricks* v. *Jackson,* 143 *Ga.* 106 (1) (84 S. E. 440), that "an encroachment upon a public alley of a municipality is a public nuisance." If the street or alley in question in the present case was a public street or alley, the obstruction or encroachment upon it by the defendant would constitute a public nuisance subject to abatement on petition of the plaintiff, if special injury were shown to have occurred to the plaintiff by the obstruction.

It appeared from the evidence that the alley or street in dispute had existed for a period of 50 years and that it had been used by the public without securing permission from anyone. The plaintiff testified without objection that the street or alley had been a public alley for about 30 years to his knowledge, and that the defendant had obstructed it by erecting and maintaining a fence across it whereby the plaintiff was prevented from using the alley for egress and ingress to his property abutting on the alley. It was held in *Savannah, Florida & Western Ry. Co.* v. *Gill,* supra (page 748): "In this State, actual adverse possession of lands by itself, for twenty years, will give good title by prescription against every one except the State, or persons laboring under the disabilities specified by the law. There was ample evidence to support a finding by the jury that the road in question had been openly, uninterruptedly and continuously used by the public as a public road for more than twenty years before the defendant company obstructed it; and this was sufficient to establish a prescriptive right in the public to its free and unobstructed use as a public highway." In the present case, the evidence demanded a finding that the alley or street had existed and been used by the public for 50 years and for more than 20 years prior to its obstruction by the defendant. There was no contention by the defendant in his pleadings or in his evidence of abandonment by nonuser of that portion of the alley between the fence and the plaintiff's property; but the only defense pleaded by the defendant was that the fence had been in its present location for more than 20 years, and since 1918, and that he had been in possession of the property up to this fence for more than 7 years. It is well-settled law in this State that prescription does not run against the State or against a political subdivision of the State, such as the City of Atlanta, in regard to land held for the benefit of the public. *Adams* v. *Richmond County,* 193 *Ga.* 42 (4) (17 S. E. 2d, 184).

Under the pleadings and the evidence, a finding was demanded that the alley in question was a public alley at and prior to its obstruction by the defendant and that the plaintiff was specially injured by such obstruction, which prevented him from ingress and egress to his property abutting on the alley, and, there being no evidence sufficient to show an abandonment of the alley, a finding

in favor of the plaintiff was demanded as a matter of law and the recorder erred in entering a judgment in favor of the defendant and the judge erred in overruling the plaintiff's petition for certiorari.

*Judgment reversed. Felton and Parker, JJ., concur.*