36444.   MADDOX *et al.* v. SMITH *et al.*

Decided December 4, 1956.

*Phillips, Johnson & Williams,* for plaintiffs in error.
*Endicott & Endicott,* contra.

750

GARDNER, P. J. Special damages accrue to the plaintiffs because the method of ingress and egress terminated when the fence was built across the alley thus depriving the plaintiffs of rights under the easement. The case at bar is controlled by *Scott* v. *Reynolds*, 70 *Ga. App.* 545, 552 (29 S. E. 2d 88), wherein this court said: "If the operations of the defendant constituted a public nuisance and prevented or materially interfered with the plaintiff's right of passage over the alley for ingress to and egress from her lot, which she held under her deed, the injury to the plaintiff caused special damage to the plaintiff in which the public did not participate." *Henderson* v. *Ezzard*, 75 *Ga. App.* 724, 728 (44 S. E. 2d 397) is also clear on this point. In that case it is held: "The alley in question was a public alley at and prior to its obstruction by the defendant and . . . the plaintiff was specially injured by such obstruction which prevented him from ingress and egress to his property abutting on the alley."

Since paragraphs 8, 12, 15, 17, 18, 20, 22, and 24 all specifically allege that the alley in question was used by the plaintiffs as a means of ingress and egress, which the erection of the fence has prevented, the petition shows special damages, and is not subject to demurrer on this ground.

*Crane* v. *Mays*, 70 *Ga. App.* 66, 67 (27 S. E. 2d 347) is not applicable under the record and facts of the instant case.

The court did not err in overruling the demurrers of the defendants, nor in the judgment rendered in favor of the plaintiffs.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*