38041. MOON *v.* JONES.

DECIDED JANUARY 21, 1960.

*Leonard Pennisi,* for plaintiff in error.

*T. B. Higdon,* contra.

TOWNSEND, Judge. 1. On motion to dismiss in the nature of a general demurrer the burden is upon the plaintiff to allege facts which will entitle him to recover, including the jurisdiction of the court in which his action is brought, and the pleadings will be strictly construed against him. The ordinary has no jurisdiction to remove obstructions from areas except those designated as private ways (Code § 83-119) and these private ways may originate either in prescription (Code § 83-112) and as ways which have been used for as much as a year and no notice to close has been given (Code § 83-114). *Johnson* v. *Williams,* 138 *Ga.* 853 (2) (76 S. E. 380). An alley which is not designated as either public or private may be either. If the former, it is the same as a public street; if the latter, it is the same as a private way. See *Scott* v. *Reynolds,* 70 *Ga. App.* 545, 548 (29 S. E. 2d 88). Proof that the owner of land by a recorded plat divides it into lots, streets and alleys, and sells the land in reference to such plat is proof of the owner's offer to dedicate such streets and alleys to public use. *Scott* case, supra, page 551. Proof that such alley has been used by the public in general for more than 20 years is sufficient to show an implied acceptance by the public of the offer to dedicate, so as to constitute the alley a public alley. *Henderson* v. *Ezzard,* 75 *Ga. App.* 724 (2) (44 S. E. 2d 397). Where the alley is not designated as either public or private, according to Black's Law Dictionary, "it means a public way unless the word 'private' is prefixed or the context requires a different meaning." In 3 C. J. S. p. 885 it is stated: "The word has reference more particularly to the ways or thoroughfares of towns and cities, and, when not quali-

fied by the term 'private' is conventionally understood in its relation to towns or cities as a narrow street, passage, or way in common use . . . and the term . . . will be taken to mean a public alley" unless a different connotation is required.

The plaintiff here struck from his petition all words indicating the way in question was a private way or alley, and failed to designate whether he referred to a private or public way. Since the word "alley" when not otherwise designated must be taken to mean a public rather than a private way, the petition here fails to show facts which would give the ordinary jurisdiction to remove the obstruction complained of. Accordingly, the judge of the superior court did not err in sustaining the motion to dismiss the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*