## 22066. PATTEN v. MAULDIN.

ARGUED JULY 9, 1963—DECIDED SEPTEMBER 5, 1963.

*Greene, Neely, Buckley & DeRieux, John D. Jones, Homer A. Houchins, Jr.,* for plaintiff in error.

*T. J. Lewis, Jr., Lewis, Lewis, Whaley & Cagle,* contra.

GRICE, Justice. We review here the sufficiency of a property owner's petition seeking damages for destruction of a bridge. G. A. Mauldin filed suit in the Civil Court of Fulton County, against Bob Patten, doing business as Bob Patten Construction Company, alleging that one of Patten's employees had negligently destroyed a bridge crossing a river, that the bridge had not been replaced and that this situation had resulted in interference with access to the plaintiff's farm and specified items of damage to him. The trial court sustained a general demurrer to the petition and the Court of Appeals reversed. We granted certiorari in view of our subsequent decision in *Smith v. Tift County,* 219 Ga. 68 (131 SE2d 527).

The *Smith* case, although a taking or damaging case under the Constitution where the injuries complained of were the result of governmental action, involved the same basic question now before us, i.e., whether the plaintiff has pleaded special injury, different in kind from that suffered by the general public. Under *Barham v. Grant,* 185 Ga. 601 (7) (196 SE 43), such special injury must be shown even where, as here, the injuries complained of resulted from the acts of a private individual.

In the *Smith* case the dead-ending of the highway upon which the plaintiffs' property abutted, at a point beyond their property, prevented travel in one direction on that highway. The plaintiffs' claim for damages was based upon the inconvenience and expense of traveling a greater distance in order to reach a specific destination and the resulting diminution in value of their property. There was no allegation of interference with the plaintiffs' access to the highway which abutted their property or of any other damage which was peculiar to them because of their ownership of the property. Also, that highway furnished ingress and egress from the plaintiffs' property to other highways, and thus travel to other places was possible, although longer distances might be involved. We held that mere circuity of travel was not a special injury different in kind from that suffered by the general public using the highway, and therefore the petition failed to allege a cause of action for compensation for injury from such dead-ending.

In the case at bar the allegations of the plaintiff's petition material to this review are as follows: his land is bounded on two sides by the Etowah River; ingress and egress to his property was afforded by Old Federal Road, which crossed this river by way of a bridge and continued through the center of his property; on November 9, 1961, the defendant's employee negligently destroyed such bridge; since that destruction the county no longer maintains Old Federal Road which is becoming more impassable every day and yet affords the only access to his property; the county will not in the future repair or replace this bridge; and he is forced to drive eighteen additional miles each day to and from his work and will continue to incur the expense of such additional travel, as he intends to remain on his property. In addition, these allegations are made: that "many times during the winter and spring the roads through his property were impassable and he was unable to get to his property," that on a specified occasion the roads were impassable and he was unable to cross the river or "get to his property by any means," that destruction of the bridge "prevented petitioner from entering his property . . ." which, by reason of the loss of ingress and egress occasioned by defendant's negligence, has diminished in value.

In the foregoing allegations the plaintiff relies on interference with access as special injury.

However, there is no allegation of interference by the defendant with access to the portion of the road upon which the plaintiff's property abuts. His petition does not allege whether his property abuts on the bridge site or whether it is located some distance away. Since the allegations must be construed most strongly against the pleader we conclude that the property does not so abut. Thus, under his allegations the plaintiff can at any point enter and leave that portion of the road which runs through the center of his property.

There is likewise no allegation that the destruction of the bridge cut off the plaintiff's access to other places. On the contrary, he shows that Old Federal Road continues through the center of his property in the opposite direction from the bridge site. The allegations that subsequently to the destruction of the bridge the county no longer maintains this road and that "many times during the winter and spring the roads through his property

were impassable and he was unable to get to his property" are immaterial. That situation is separate from the defendant's destruction of the bridge. The plaintiff's petition, properly construed, shows that at the time the bridge was destroyed he had access from his property to other places by the opposite end of Old Federal Road. The later impassability, on various occasions, of that portion of the road, not the destruction of the bridge, caused the plaintiff's occasional lack of access. The defendant is not responsible for that impassability or the damages suffered by the plaintiff on account of it.

Therefore, the only injury which the plaintiff has alleged as resulting from the defendant's destruction of the bridge is circuity of travel with resulting inconvenience, expense and diminution in value of his property. This injury, though perhaps different in degree from that suffered by other members of the general public, is identical in kind. *Ward v. Georgia Terminal Co.,* 143 Ga. 80, 83 (84 SE 374) (one Justice absent).

Thus, these allegations, like those in the *Smith* case, 219 Ga. 68, supra, allege no special injury to the plaintiff by the defendant. That case controls here.

The petition failed to set forth a cause of action and was thus subject to the general demurrer. The judgment of the Court of Appeals is

*Reversed. All the Justices concur.*