## A06A0432. REMAX THE MOUNTAIN COMPANY et al. v. TABSUM, INC. et al.

### (634 SE2d 77)

ADAMS, Judge.

Plaintiffs[1] are the owners of commercial businesses located adjacent to Georgia Highway 53 in Pickens County. From March 2003 through January 2004, the Georgia Department of Transportation closed part of the highway after portions of the road collapsed due to damage caused by defendants'[2] negligent pumping of groundwater. Due to the road closure, motorists were required to detour around and/or away from the portion of Highway 53 where plaintiffs' businesses were located.[3] Plaintiffs brought suit against defendants, contending that this detour, which was approximately 12 miles long, caused them to lose revenue and profits, impaired their ability to receive deliveries and impaired their future earning capability. The trial court granted defendants' motion to dismiss for failure to state a claim upon which relief can be granted, OCGA § 9-11-12 (b) (6), and this appeal followed.

It is undisputed in this case that plaintiffs' properties and businesses were not physically damaged; that the portion of the road that was closed did not abut or adjoin their properties; and that access to their businesses, while more inconvenient because of the detour, was still possible. As the trial court found, plaintiffs do not seek damages to their realty or leasehold interests or to personal property

---

[1] Plaintiffs are Remax The Mountain Company; Bonnie M. Adams, Hoy Glen Adams, and Roman G. Adams, d/b/a Tate Liquidators and Station Street Soda Fountain; Ricky Roper and Maxine Roper, d/b/a The General Store; Richard L. Rice and Christine E. Rice, d/b/a Your Carpet Place; Shelly L. Haugland, d/b/a Styles Are Us; and Sharon's Pit Stop Café, Inc. d/b/a Twin Oaks Grill.

[2] Defendants, Tabsum, Inc. and J. M. Huber Paper Pigments, Inc. f/k/a J. M. Huber Corporation, are the owners of a mining facility located on property adjacent to Highway 53.

[3] In light of the procedural posture of this case – the appeal from the grant of a motion to dismiss for failure to state a claim – we take plaintiffs' allegations as true, and construe the evidence in favor of plaintiffs as the nonmoving party. *Lathem v. Hestley*, 270 Ga. 849, 849-850 (514 SE2d 440) (1999).

or usufructs, and they do not seek to abate a nuisance. Rather, plaintiffs seek only to recover for the purely economic losses — lost profits and/or diminished earning capacity — they suffered because their customers and vendors had to detour approximately 12 miles to reach their businesses.

A motion to dismiss for failure to state a claim should be granted only

> if it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. . . . [Cits.] A plaintiff does not have to plead in the complaint facts sufficient to set out the element of a cause of action so long as the complaint puts the opposite party on reasonable notice of what issues must be defended against; therefore, no matter how poorly a complaint has been drafted, if the complaint sufficiently raises possible theories of recovery, it should not be dismissed. [Cit.] On motion to dismiss the trial court must construe plaintiff's amended complaint most favorably for the plaintiff with all doubts resolved in his favor. [Cit.]

(Punctuation omitted.) *Martin v. Brown*, 222 Ga. App. 566, 567 (474 SE2d 742) (1996).

Plaintiffs argue the trial court erred by granting the motion to dismiss because they have shown that the road closing and detour caused them to suffer a special injury, i.e., an injury that is different in kind than that suffered by the general public, thus entitling them to recover under existing case law. But as defendants point out, our Supreme Court has considered and rejected the argument that interference without elimination of access to property constitutes a special injury in a case involving facts similar to this case. In *Patten v. Mauldin*, 219 Ga. 211 (132 SE2d 664) (1963), the landowner (Mauldin) sued Patten, a private construction company, after one of Patten's employees negligently destroyed a bridge Mauldin used to access his property, causing Mauldin to drive an additional 18 miles to reach his property. Our Supreme Court affirmed the dismissal of plaintiff's case, reasoning that no special injury existed because the only injury shown was circuity of travel and plaintiff did not allege "interference by the defendant with access to the portion of the road upon which the plaintiff's property abuts." Id. at 213. See also *Tift County v. Smith*, 219 Ga. 68, 70-74 (131 SE2d 527) (1963) (obstruction or change to a road which did not damage or interfere with access to plaintiff's property and merely caused inconvenience did not constitute taking or damaging of private property); *Hendrix v. Dept. of Transp.*, 188 Ga. App. 429 (373 SE2d 264) (1988) (plaintiff was not

entitled to recover under theories of trespass, nuisance or inverse condemnation when bridge closings and construction did not change ingress to or egress from plaintiff's business, but did necessitate driving a more circuitous route to reach his property); cf. *Valley View Church &c. v. Atlanta Housing Auth.*, 157 Ga. App. 6 (276 SE2d 71) (1981) (plaintiff may have shown special injury when allegations were that by destroying most of the streets in the area, the defendant had made it almost impossible to reach the property except by foot).

Plaintiffs rely on *Scott v. Reynolds*, 70 Ga. App. 545 (29 SE2d 88) (1944), for the proposition that their claims for interference with access are viable even though there may be other, although more circuitous, means for the plaintiffs and their customers to get to and from their property. However, *Scott* included allegations of actual damage to plaintiff's property on account of defendant's sand mining activities in the alley abutting her property over which she had previously enjoyed a right to ingress and egress her property, as well as claims for the diminished value of her property on account of a nearby side street also damaged by defendant's mining activities.[4] Id. at 546-554. Thus, *Scott* is distinguishable both because it involved physical damage to plaintiff's property and because plaintiff sought to recover for the diminished value of her property.[5]

Moreover, in granting the motion to dismiss, the trial court also cited *Gen. Elec. Co. v. Lowe's Home Centers*, 279 Ga. 77 (608 SE2d 636) (2005), where our Supreme Court recently reiterated that

> [u]nder the economic loss rule, a plaintiff can recover in tort only those economic losses resulting from injury to his person or damage to his property; a plaintiff cannot recover economic losses associated with injury to the person or damage to the property of another.[6]

Id. at 78, citing *Byrd v. English*, 117 Ga. 191 (43 SE 419) (1903); *Vulcan Materials Co. v. Driltech, Inc.*, 251 Ga. 383, 387-388 (306 SE2d

---

[4] This Court explained that lots located on convenient cross-streets were of more value than those without such cross-streets. *Scott*, 70 Ga. App. at 552.

[5] Plaintiffs also cite *Brunswick & Western R. Co. v. Hardey & Co.*, 112 Ga. 604 (37 SE 888) (1901) for the proposition that business losses are recoverable by a plaintiff who suffers economic losses due to interference with access to his place of business. However, *Brunswick* involved a business which was located about 25 yards from the crossing which was allegedly intentionally torn up and obstructed, and which may have been the only crossing available for certain customers of the business.

[6] Although the economic loss rule is more often applied in the context of products liability cases or "to distinguish between those actions cognizable in tort and those that may be brought only in contract [cit.]" *City of Cairo v. Hightower Consulting Engineers*, 278 Ga. App. 721, 728 (4) (629 SE2d 518) (2006), the reasoning behind the rule, as set forth in *Lowe's*, seems equally applicable to the situation here.

253) (1983). This was the situation in the case at bar, and the trial court did not err in granting defendants' motion to dismiss based on failure to state a claim under these circumstances.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JUNE 6, 2006 —
RECONSIDERATION DENIED JULY 12, 2006 —

*Falanga & Chalker, Robert A. Falanga, Jesse E. Barrow III*, for appellants.

*Drew, Eckl & Farnham, Bruce A. Taylor, Jr.*, for appellees.