A01A1576. PEACE v. DOMINY HOLDINGS, INC.
(554 SE2d 314)

MIKELL, Judge.

This is an appeal from a judgment entered by the trial court, sitting without a jury, awarding $25,000 plus prejudgment interest to Dominy Holdings, Inc. We affirm. The relevant facts are as follows: Langford Peace owns 336 acres of timberland in Pierce County. On February 16, 1995, Peace contracted with Dominy to sell the timber for $365,000. The contract provided for a down payment of $25,000, which was designated as an option to purchase that expired on February 28. The agreement further provided that a binding contract of purchase and sale would result upon the exercise of the option; that the closing would take place within 30 days thereafter; that Peace would retain the $25,000 in the event Dominy failed to exercise the option; and that a timber deed would be prepared to convey title to the timber. Other provisions in the contract concerned title and payment of closing costs and taxes. A legal description of the property was included.

On February 28, 1995, Dominy exercised its option, tendering a check for $25,000. On March 30, Dominy's president, Jewett Tucker, Jr., wrote Peace a letter indicating that the parties needed to agree upon the "cutting term," or the amount of time for harvesting the

---

timber. Tucker stated that he would contact Peace concerning the cutting term as soon as he spoke with the producer who would harvest the tract. The letter also expressed concern about the lack of access to the tract. In response, Peace obtained a two-year easement of access to the land, as evidenced in correspondence from his counsel to Dominy dated April 11. In the letter, counsel demanded that the transaction be closed within the next few days.

The parties could not agree on the cutting term. In a letter dated April 27, 1995, Dominy's counsel rejected the two-year term proposed by Peace, offered alternatives, claimed that the parties had failed to reach a meeting of the minds, and demanded that Peace return the $25,000 option money. Peace refused and ultimately sold the timber for $350,000.

Dominy then filed suit to recover the $25,000, asserting that Peace had converted the sum while refusing to grant Dominy title to the timber in accordance with the parties' agreement. Dominy also asserted an unjust enrichment theory.[1] Peace claimed he was entitled to retain the option money because Dominy refused to close the transaction. Dominy argued that since the cutting term was not stated in the contract, there was no meeting of the minds, and Peace should refund the money.

The case proceeded to trial before the court sitting without a jury. The evidence was in sharp conflict as to whether the parties had orally agreed to a two-year cutting term. Based on the parties' testimony, the court determined that the cutting term was an essential element of the contract and that absent a meeting of the minds on the term, no contract had been formed. The court thus awarded Dominy $25,000 plus prejudgment interest. Peace appeals.

1. In his first enumeration of error, Peace asserts that the trial court erred in determining that the contract was unenforceable due to its failure to specify a cutting term. We disagree. OCGA §§ 13-3-1 and 13-3-2 provide that a contract is not complete and enforceable until there is a meeting of the minds as to all essential terms.[2]

> "To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." OCGA § 13-3-1. Each of these essential terms must be certain. The require-

---

[1] In the complaint, Dominy also claimed that it lost $100,000 in profits as a result of Peace's failure to consummate the transaction. However, it appears that this claim was abandoned at trial.

[2] OCGA § 13-3-2: "The consent of the parties being essential to a contract, until each has assented to all the terms, there is no binding contract; until assented to, each party may withdraw his bid or proposition."

ment of certainty extends not only to the subject matter and purpose of the contract, but also to the parties, consideration, and even the time and place of performance where time and place are essential.[3]

In the instant case, Tucker, Dominy's president, testified that he has been involved in the timber business for 28 years; that a cutting term is essential to a timber purchase contract, as it has a direct bearing on the value of the timber; and that he has never been able to procure title insurance on such a contract unless it specified a cutting term. Tucker further testified that Peace insisted upon a two-year term, which Dominy would not accommodate due to potentially adverse weather and logging conditions.

David Joyner, the attorney who prepared the contract for Peace, testified that he was present during the negotiations with Dominy's representative, Henry Chappell, Jr. Joyner testified that he understood that Chappell was agreeable to a two-year term with a six-month wet weather extension. Joyner explained that this understanding was the reason the easement was obtained for a two-year term. Joyner further testified that out of the 30-40 timber transactions he handled, only once did the cutting term exceed two years. Peace also testified that Chappell had agreed to a two-year term. Chappell, however, testified that he and Peace never orally agreed to a two-year term. Chappell testified that he and Peace discussed "the fact that the timber was real wet, and we knew it was going to take time to get the timber out."

Based on this evidence, the trial court determined that there had been no meeting of the minds on the cutting term, without which there could be no contract. A trial court's findings in a nonjury trial will not be set aside unless clearly erroneous.[4] The "clearly erroneous" test is the same as the "any evidence" rule. If there is any evidence to support the findings of fact by a trial court sitting without a jury, then this Court must affirm the judgment.[5] Further, while "[t]he construction of a contract is a question of law for the court," fact questions must be resolved by the jury, or in a bench trial, the judge.[6] In the instant case, whether there had been a meeting of the minds on the cutting term was a question for the factfinder. As evidence exists to support the trial court's findings of fact, we will not disturb them on appeal.

---

[3] (Citation omitted.) *Gill v. B & R Intl.*, 234 Ga. App. 528, 531 (1) (b) (507 SE2d 477) (1998).

[4] OCGA § 9-11-52 (a); *Municipal Elec. Auth. of Ga. v. City of Calhoun*, 227 Ga. App. 571, 572 (1) (a) (489 SE2d 599) (1997).

[5] *CFUS Properties v. Thornton*, 246 Ga. App. 75, 76 (1) (539 SE2d 571) (2000).

[6] OCGA § 13-2-1.

Peace's arguments do not persuade us otherwise. Peace contends that the absence of a cutting term is not a fatal flaw to a timber purchase contract. Rather, he maintains that where the parties fail to agree to a cutting term, it is the duty of the trier of fact to determine what is a reasonable term under the circumstances. In support of this proposition, Peace cites *Dean v. Great Northern Nekoosa Corp.*,[7] *Harrell v. Williams & Sons*,[8] and *Mills & Williams v. Ivey*.[9] However, in *Dean* and *Mills*, the purchaser had already acquired title to the timber through a timber deed. In *Harrell*, the purchaser had already begun to harvest the timber before a dispute arose as to the cutting term. In the instant case, Peace's attorney, Joyner, admitted that the cutting term is routinely set out in the timber deed. However, it is undisputed that no deed was ever delivered. Accordingly, the aforementioned cases are distinguishable.

2. In his second enumeration of error, Peace asserts that the trial court erred in failing to rule that Dominy's actions constituted an anticipatory repudiation of the contract. At trial, Joyner testified that he considered Dominy's letter dated April 27, 1995, to be a repudiation of the contract. However, Peace failed to obtain a ruling by the trial court on this issue. Therefore, it has been waived on appeal. *Bell v. Owens*, 230 Ga. App. 826, 828 (3) (497 SE2d 591) (1998).

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED AUGUST 23, 2001 —
RECONSIDERATION DENIED SEPTEMBER 27, 2001.

*Cheeley & Joyner, C. David Joyner, Kenneth E. Futch, Jr.*, for appellant.

*Alvin G. Wells, Jr.*, for appellee.

---

[7] 251 Ga. 131 (303 SE2d 445) (1983).
[8] 159 Ga. 230 (125 SE 452) (1924).
[9] 3 Ga. App. 557 (60 SE 299) (1908).