## A01A1670. FULLER v. TROUP COUNTY.
(558 SE2d 777)

JOHNSON, Presiding Judge.

Bibby Fuller sued Troup County for false arrest and civil rights violations under 42 USC § 1983. The county moved for summary judgment on both claims, and the trial court granted the motions. Fuller appeals; for reasons that follow, we affirm the grant of summary judgment on both claims.

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law.[1] In reviewing a trial court's summary judgment ruling, we apply a de novo standard of review and view the evidence in the light most favorable to the nonmoving party.[2]

Viewed in that light, the record reveals that on September 3, 1996, a Troup County marshal issued Fuller a citation for harvesting timber without a permit. The citation required Fuller to pay a fine to the magistrate court or appear in the magistrate court on or before October 2, 1996. On October 9, 1996, the county magistrate issued a bench warrant for Fuller's arrest due to Fuller's failure to pay the fine or appear in court.

On October 31, 1996, Fuller was again harvesting timber in Troup County when the same marshal who had issued the citation confronted him with the bench warrant. Fuller claimed that he had paid the fine, so the marshal left the scene to confirm with the magistrate court that the fine had been paid. The court, however, informed the marshal that the fine had not been paid and that the warrant was still valid.

The marshal and a deputy returned to the lumber site with the bench warrant. When Fuller again said that the fine had been paid, the officers requested documentary proof. Fuller called the lumber company that had hired him, but the company did not have a copy of

---

[1] OCGA § 9-11-56 (c).
[2] *Wang v. Moore*, 247 Ga. App. 666-667 (544 SE2d 486) (2001).

the receipt purportedly showing that the fine had been paid. Fuller then called his wife, who Fuller said had a copy of the receipt.

The officers, who had been at the lumber site for 25 minutes, told Fuller to follow them to the sheriff's office in his own vehicle and to have his wife meet them there with the receipt. They told Fuller that the charges would be dropped if the receipt showed that the fine had been paid. According to the officers, Fuller became angry and said that they would have to arrest him. The officers arrested Fuller and took him to the sheriff's department.

Fuller filed his complaint against Troup County for false arrest. The county moved for summary judgment on the grounds that the officers had probable cause to arrest Fuller and that they had not acted maliciously. In response, Fuller amended his complaint to add the 42 USC § 1983 claim. The county moved for summary judgment on that claim as well, again on the basis that the arrest was supported by probable cause. The trial court granted the motions for summary judgment as to both the false arrest and § 1983 claims. Fuller appeals from those summary judgment rulings.

1. "An arrest under process of law, without probable cause, when made maliciously, shall give a right of action to the party arrested."[3] In the instant case, there is no evidence that Fuller's arrest was made with malice or without probable cause.

"Lack of probable cause shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused."[4] There is no evidence in this case that the officers had no ground for arresting Fuller other than their desire to injure him. On the contrary, the unrefuted evidence shows that the officers based their arrest solely on the outstanding bench warrant. Fuller claims that the warrant was invalid because he had paid the fine upon which it was based. But the record before us does not contain the purported receipt proving that the fine had been properly paid.

Nevertheless, even if we assume that the warrant should have been recalled because the fine had been paid, the officers still had probable cause to arrest Fuller.[5] "The existence of probable cause must be measured by current knowledge, i.e., at the moment the arrest is made and not hindsight."[6] In the instant case, at the moment the arrest was made, the officers knew that the warrant had

---

[3] OCGA § 51-7-1.

[4] OCGA § 51-7-3.

[5] See *Harvey v. State*, 266 Ga. 671, 673 (469 SE2d 176) (1996) (officer had probable cause to arrest defendant based on a bench warrant that had previously been recalled because, at the time of arrest, computer checks through the Georgia and National Crime Information Centers mistakenly revealed that the warrant was still in effect).

[6] (Citations and punctuation omitted.) Id.

been issued, and they even confirmed with the issuing magistrate court that the warrant was still outstanding. Even if such information is subsequently proven to be wrong, the Supreme Court has held that "in hindsight, [it] will not declare an arrest to be invalid when the arresting officer reasonably relied upon information which he had no reason to think was incorrect."[7]

Not only was the arrest made with probable cause, but there is no evidence that the officers acted maliciously. "Malice consists in personal spite or in a general disregard of the right consideration of mankind, directed by chance against the individual injured."[8] The officers did not arrest Fuller out of personal spite. Rather, they arrested him only after they confirmed that the bench warrant was outstanding, after he was unable to provide documentary proof supporting his claim that he had paid the fine, and after he was given the opportunity to come to the sheriff's department with his wife to provide a receipt allegedly showing that the fine had been paid.

Because there is no evidence that Fuller was arrested without probable cause or that the arresting officers acted with malice, Fuller's false arrest claim is insupportable as a matter of fact or law. The trial court therefore correctly granted summary judgment to Troup County on the claim.

2. Under 42 USC § 1983, a person who, under color of state law, deprives another person of his constitutional rights shall be liable to the deprived party. The Supreme Court has interpreted § 1983 to create a cause of action against a municipality based upon acts which are in implementation of an intentional policy which deprives a constitutional right.[9] "What is required to be proved, directly or circumstantially, is that a governing body has worked constitutional deprivation of a citizen pursuant to an impermissible or corrupt policy which is intentional and deliberate."[10]

In the instant case, there is no evidence that Fuller was deprived of any constitutional right, let alone that Troup County implemented any sort of policy which deprived Fuller of a constitutional right. On the contrary, the evidence in the record before us shows only that officers, acting with probable cause pursuant to a bench warrant, arrested Fuller. Absent any evidence of an intentional policy which has worked a constitutional deprivation, the trial court properly granted summary judgment against Fuller on his 42 USC § 1983 claim.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

---

[7] Id.
[8] OCGA § 51-7-2.
[9] *City of Cave Spring v. Mason*, 252 Ga. 3, 4 (310 SE2d 892) (1984).
[10] Id. at 5.

DECIDED JANUARY 11, 2002.

*Lewis, Taylor, Todd & Dixon, Alex L. Dixon*, for appellant.
*Willis, McKenzie & Long, Edward L. Long, Jr., Matthew C. Alford*, for appellee.