A02A2222. ZURICH AMERICAN INSURANCE COMPANY v. GENERAL CAR & TRUCK LEASING SYSTEM, INC.

(574 SE2d 914)

BARNES, Judge.

Zurich American Insurance Company appeals the trial court's grant of summary judgment to General Car & Truck Leasing System, Inc., arguing that General Car's insurance on a rental vehicle was primary. We affirm the trial court's grant of summary judgment to the vehicle owner.

Norsan Meats, Inc. regularly leased trucks from General Car, which had on file a certificate of insurance from Zurich's predecessor showing that Norsan had a $1 million vehicle liability policy, and listing General Car as an additional insured. A Norsan employee picked up a rental truck from General Car and signed a form on which was written the date and mileage, and which provided that the vehicle was furnished pursuant to terms and conditions in an agreement "between Owner and Lessee." Handwritten across the form are the words, "Void refer to 403005."

Rental agreement form 403005 also includes information about dates, mileage, and charges, along with provisions concerning which

party's insurance on the vehicle is primary. However, this form was not signed by either party.

Norsan's employee was subsequently involved in a collision, and Zurich settled the other party's claim for more than $3 million. Zurich then sued General Car, contending that the leasing company had agreed to provide $300,000 primary liability insurance. General Car denied liability, arguing that under Georgia law, the renter's insurer has primary liability unless the parties contracted otherwise, and no documentation exists showing that General Car and Zurich's insured had any such agreement.

The trial court denied summary judgment to Zurich and granted summary judgment to General Car, concluding that neither party presented evidence regarding the terms of a contract between Zurich and General Car, and therefore the statutory provisions addressing which party has primary insurance coverage applies. Zurich appeals.

1. Zurich argues that the signature on the first form Norsan's employee signed, which was subsequently marked "void," transfers to the rental agreement form that neither party signed. That rental agreement provided that the vehicle was covered by the owner's policy unless the renter agreed to provide primary insurance. The problem with this analysis is that the parties never agreed to "transfer" the signature of Norsan's employee to the rental agreement. Further, unlike the situation in *Gen. Car &c. Leasing System v. Woodruff*, 214 Ga. App. 200, 202-203 (2) (447 SE2d 97) (1994), in which the renter signed the rental agreement under which General Car was obligated to provide primary liability coverage, in this case the form was unsigned. Therefore, its provisions do not apply.

To establish a valid contract, the parties must be able to contract, consideration must flow, the parties must agree to the terms, and the contract must involve "a subject matter upon which the contract can operate." OCGA § 13-3-1. "Each of these essential terms must be certain. The requirement of certainty extends not only to the subject matter and purpose of the contract, but also to the parties, consideration, and even the time and place of performance where time and place are essential." (Footnote omitted.) *Peace v. Dominy Holdings*, 251 Ga. App. 654, 655-656 (1) (554 SE2d 314) (2001).

The evidence in this case does not establish even the existence of a contract between Norsan and General Car, much less the specific terms and conditions within such a contract. While Norsan's general manager testified that he entered into "some form of general leasing agreement with General Car," he had never seen any written documents memorializing that agreement and could not state any of its terms. General Car's executive vice president testified that, other than the rental agreement form, he could not find any contractual agreements between General Car and Norsan and knew nothing

about the terms and conditions of any agreement. As the party asserting the existence of the contract, Zurich had the burden of proving its existence and terms. *Jackson v. Easters*, 190 Ga. App. 713, 714 (379 SE2d 610) (1989). Zurich failed to meet this burden.

2. Because the parties have no contract, we turn to the vehicle insurance statutes and case law to determine the priority of their insurance coverage. OCGA § 40-9-102 provides that a person renting a vehicle from a rental company must either provide his own insurance or obtain "spot" insurance from the company if he does not have liability insurance that will cover the rental. *Atlanta Rent-A-Car v. Jackson*, 204 Ga. App. 448, 450 (419 SE2d 489) (1992).

OCGA § 33-34-4 still requires car rental companies to insure the cars they own, but they enjoy special treatment in terms of coverage priority on cars rented to the public under OCGA § 40-9-102. Under OCGA § 40-9-102, the renter's liability insurance coverage is primary, and the rental company's liability insurance coverage is secondary or excess. *Jones v. Wortham*, 201 Ga. App. 668, 670 (411 SE2d 716) (1991). Code section 40-9-102, "therefore, reverses the usual order of liability coverage inasmuch as the renter's coverage is primary and the owner's coverage is secondary." (Citation and punctuation omitted.) *Jordan v. Spirit Rent-A-Car*, 252 Ga. App. 117, 119 (1) (555 SE2d 734) (2001). While the parties may contract to change the order of priority, *Gen. Car v. Woodruff*, supra, 214 Ga. App. at 201-202, General Car and Norsan did not do so in this case.

For these reasons, the trial court did not err in granting summary judgment to General Car.

*Judgment affirmed. Ruffin, P. J., and Pope, Senior Appellate Judge, concur.*

DECIDED DECEMBER 5, 2002.

*Jeffrey R. Nickerson*, for appellant.

*Cobb, Grabbe, Spillers & Irwin, Alexander Gordon, Charles E. Johnson III*, for appellee.