## A07A1051. KING et al. v. COMFORT LIVING, INC.
(651 SE2d 484)

RUFFIN, Judge.

Comfort Living, Inc. sued the mayor, mayor pro tem, and council members (collectively, the "mayor and council") of the Town of Alto ("Town"), asserting claims against them in their corporate capacity for breach of contract, in their individual capacities for breach of ministerial duties, and in their corporate and individual capacities for violating the Fourteenth Amendment. The mayor and council moved for summary judgment and the trial court denied the motion. We granted the mayor and council's application for interlocutory appeal and, for reasons that follow, reverse.

We conduct a de novo review of both the law and the evidence on appeal from a trial court's ruling on a motion for summary judgment.[1] We view the evidence in a light most favorable to the nonmovant in order "to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law."[2] A defendant is entitled to summary judgment if it can demonstrate that there is no evidence to support at least one essential element of the plaintiff's case.[3] A defendant need not affirmatively disprove the plaintiff's case, "but may prevail simply by pointing to the lack of evidence. If the defendant does so, the plaintiff cannot rest on his pleadings, but must point to specific evidence that gives rise to a triable issue of fact."[4]

Comfort Living developed a residential subdivision in Habersham County, outside the city limits of the Town. The Town council voted on August 31, 2001 to provide water service to the subdivision, which would require the Town to extend existing water lines. The cost of the project was to be divided between the Town and Comfort Living. There was no set date for completion of the project.

Comfort Living received preliminary plat approval for its subdivision plans from Habersham County on June 12, 2001. Although this approval expired on June 12, 2002, it could be extended for one year

---

[1] See *Guideone Life Ins. Co. v. Ward*, 275 Ga. App. 1, 2 (619 SE2d 723) (2005).

[2] Id.

[3] See *Garrett v. Hanes*, 273 Ga. App. 894 (616 SE2d 202) (2005).

[4] (Punctuation omitted.) *Walden v. Burke*, 282 Ga. App. 154, 155 (637 SE2d 859) (2006).

for cause without penalty. The mayor and council were informed about the date of the preliminary plat approval. The Town began receiving bids for the water line installation in November 2001, and the job was awarded to Nelson Grading Company on January 14, 2002. The water line to the subdivision was not completed until May 22, 2003; construction was delayed by Nelson Grading's failure to obtain a land disturbance permit from Habersham County and by conflicts with a sewer line extension by the City of Baldwin to the state prison adjacent to the subdivision.

Comfort Living contends that, as a result of the Town's unreasonable delay in providing water to the subdivision, it incurred damages "in the form of increased financing costs and lost profits due to the delay in sale of the lots in the subdivision." It has asserted state law claims against the mayor and council for breach of contract and breach of ministerial duty and a federal law claim under 42 USC § 1983.

1. The mayor and council assert that any state law claim against them in their official capacity is barred by the ante litem notice requirement.[5] OCGA § 36-33-5 requires that notice of a claim be given to a municipality in writing within six months of the "happening of the event upon which the claim . . . is predicated." Water service was first provided to the subdivision on May 2, 2003, but the Town was not notified of Comfort Living's intent to file suit until January 7, 2004, more than six months later.

Comfort Living argues that ante litem notice was not required, however, because its claim arises out of a contract. Where a claim against a municipality arises out of a contract, the municipality is already on notice of the contract as a party to it, and thus the reason for ante litem notice does not exist.[6] In response to this argument, the mayor and council contend that there was no written contract and no agreed-upon term for completion, and they therefore could not have been on notice of a violation of a nonexistent term. Thus, the relevant inquiry is whether the Town's agreement to provide water service was a contract for purposes of the ante litem notice statute. "As the party asserting the existence of the contract, [Comfort Living has] the burden of proving its existence and terms."[7]

---

[5] Comfort Living urges that we should not consider certain arguments about the ante litem notice requirement that it contends are being raised for the first time on appeal; however, as one of the bases upon which the mayor and council moved for summary judgment was the failure to satisfy the ante litem notice statute, we consider all related arguments on appeal.

[6] See *City of Atlanta v. J. J. Black & Co.*, 110 Ga. App. 667, 670 (1) (139 SE2d 515) (1964).

[7] *Zurich American Ins. Co. v. Gen. Car & Truck Leasing System*, 258 Ga. App. 733, 734-735 (1) (574 SE2d 914) (2002).

A valid contract requires "parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate."[8] If the parties have not agreed to an essential term, "no meeting of the minds of the parties exists, and a valid and binding contract has not been formed."[9] As no written agreement was ever executed by the parties, Comfort Living relies on a one-paragraph letter from the Town clerk to supply the terms of the alleged contract. The letter states that the Town will supply water to the subdivision and will "have the line installed." No details are given about the time frame in which installation will be completed or any consequences resulting from a failure to complete construction within a certain time.

"A promise must be sufficiently definite as to both time and subject matter to be enforceable."[10] Under these circumstances, where the Town merely voted to construct a water line but did not otherwise commit to a specific date for completion and there is no other evidence that the parties reached a meeting of the minds as to the time for installation, Comfort Living has failed to meet its burden of proving the existence and terms of a contract, and we thus cannot find that a binding contract existed.[11] The trial court should have granted summary judgment to the mayor and council as to Comfort Living's state law claim for breach of contract.[12]

2. Comfort Living asserts a claim for breach of ministerial duty against the mayor and council in their individual capacities, alleging that "[e]ach of the defendants failed to perform their ministerial duties to administer the work of the Water Department in such a way as to assure completion of the [construction]." The mayor and council contend that they are entitled to summary judgment on this claim on the basis of official immunity. Under Georgia law, official immunity "protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and

---

[8] OCGA § 13-3-1. We note that a municipality's charter generally specifies the method by which the municipality may enter into a binding contract; however, the Town's charter is not included in the record here. See generally *H.G. Brown Family Ltd. Partnership v. City of Villa Rica*, 278 Ga. 819, 820-821 (1) (607 SE2d 883) (2005).

[9] (Punctuation omitted.) *Jerry Dickerson Presents, Inc. v. Concert/Southern Chastain Promotions*, 260 Ga. App. 316, 328 (3) (c) (579 SE2d 761) (2003).

[10] *Key v. Naylor, Inc.*, 268 Ga. App. 419, 421 (1) (602 SE2d 192) (2004).

[11] See *Zurich*, supra; *Peace v. Dominy Holdings, Inc.*, 251 Ga. App. 654, 655-656 (1) (554 SE2d 314) (2001) (trial court did not err in concluding that essential element of contract for cutting timber was time within which cutting must be completed).

[12] See *Kennedy v. Ga. Dept. of Human Resources &c.*, 286 Ga. App. 222, 224 (1) (648 SE2d 727) (2007).

done without wilfulness, malice, or corruption."[13] A public officer or employee is personally liable "only for ministerial acts negligently performed or acts performed with malice or an intent to injure."[14] The purpose of official immunity "is to preserve the public employee's independence of action without fear of lawsuits and to prevent a review of his or her judgment in hindsight."[15]

The mayor and council assert that they are entitled to official immunity because their only action related to the provision of water to the subdivision was discretionary, and there is no evidence of malice on their part. The distinction between a ministerial and a discretionary act is that

> [a] ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed. Procedures or instructions adequate to cause an act to become merely ministerial must be so clear, definite and certain as merely to require the execution of a relatively simple, specific duty.[16]

Clearly, the mayor and council's action in voting to provide water service to the subdivision was discretionary.[17] And, although Comfort Living points us to no evidence that the mayor and council were involved in the day-to-day decision-making process regarding the construction, we conclude that any decisions they may have made would also have been discretionary. In *Murray*, this Court held that actions necessary to install a traffic signal were discretionary when there was no specific time limit set for the installation.[18] This is an analogous case, especially as the mayor and council have presented evidence, uncontroverted by Comfort Living, that there was no date certain set for the completion of the project, and that delays in the installation of the water line were caused by a conflict with the

---

[13] (Punctuation omitted.) *Banks v. Happoldt*, 271 Ga. App. 146, 148 (2) (608 SE2d 741) (2004).

[14] (Punctuation omitted.) Id.

[15] (Punctuation omitted.) Id.

[16] (Punctuation omitted.) *Murray v. Ga. Dept. of Transp.*, 284 Ga. App. 263, 268 (3) (644 SE2d 290) (2007).

[17] See *Norris v. Emanuel County*, 254 Ga. App. 114, 118 (2) (561 SE2d 240) (2002) ("Where a decision is left to the personal judgment of government officials, such decisions are properly characterized as discretionary.").

[18] See *Murray*, supra at 269.

installation of a sewer line by the City of Baldwin and the contractor's failure to obtain a land disturbance permit from Habersham County. And Comfort Living has provided no evidence of malice on the part of the mayor and council.[19] Thus, the trial court should have granted summary judgment to the mayor and council as to Comfort Living's claim for breach of ministerial duty.

3. Comfort Living seeks damages under 42 USC § 1983, arguing that the mayor and council "have acted arbitrarily and capriciously in denying [Comfort Living] timely access to water and sewer service from the Town of Alto." "Under 42 USC § 1983, a person who under color of state law deprives another person of any right secured by the United States Constitution shall be liable to the injured person."[20] Comfort Living claims that it was deprived of a property right to water service and that the Town's conduct bears no rational relationship to a governmental purpose. The mayor and council assert that they are entitled to summary judgment because Comfort Living cannot show a substantive due process violation.

In order to show a cognizable claim under 42 USC § 1983, Comfort Living must present some evidence "that a governing body has worked constitutional deprivation of [it] pursuant to an impermissible or corrupt policy which is intentional and deliberate."[21] And " '[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.' "[22] In this case, the mayor and council have introduced evidence that they did not deliberately delay the installation of the water line. Comfort Living has come forward with no evidence that the mayor and council or the Town had an intentional, deliberate policy of delaying the extension of water service once they had agreed to provide it. Accordingly, the mayor and council are entitled to summary judgment on Comfort Living's federal due process claim against them in their corporate capacities.[23]

Likewise, the trial court should have granted summary judgment to the mayor and council on the federal due process claim against them in their individual capacities. "In all but the most exceptional cases, qualified immunity protects government officials performing discretionary functions from the burdens of civil trials

---

[19] Comfort Living presented no documentary evidence showing malice, and Watson conceded that he was aware of no such evidence.

[20] *Benton v. Savannah Airport Comm.*, 251 Ga. App. 759 (1) (555 SE2d 110) (2001).

[21] (Punctuation omitted.) *Fuller v. Troup County*, 253 Ga. App. 228, 230 (2) (558 SE2d 777) (2002).

[22] *Dawkins v. City of Villa Rica*, 246 Ga. App. 795, 799 (2) (542 SE2d 193) (2000).

[23] See id.; *Fuller*, supra.

and from liability for damages."[24] The mayor and council are entitled to qualified immunity unless Comfort Living can show that a reasonable public official could not have believed that his or her conduct was lawful in light of clearly established federal law.[25] And there is simply no evidence that the mayor and council's actions violated clearly established federal law.[26]

4. Because we conclude that the mayor and council were entitled to summary judgment on all of Comfort Living's claims, we need not address the remaining enumerations of error.

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 23, 2007.

*Hall, Booth, Smith & Slover, W. Scott Henwood, Lynda W. Kenney,* for appellants.
*James E. Staples, Jr.,* for appellee.

---

[24] (Punctuation omitted.) *Bd. of Commrs. of Effingham County v. Farmer,* 228 Ga. App. 819, 823 (2) (493 SE2d 21) (1997).

[25] See id. at 823-824.

[26] See id. at 824; *Dawkins,* supra at 798 (1).