## A07A2228. SHILLING v. CORNERSTONE MEDICAL ASSOCIATES, LLC.
### (659 SE2d 416)

SMITH, Presiding Judge.

In this contract action, defendant William Shilling, M.D. appeals from the trial court's grant of summary judgment in favor of plaintiff Cornerstone Medical Associates, LLC. Because jury issues remain on the existence of the alleged contract between the parties, we reverse.

Cornerstone brought this action against "William P. Shilling, M.D." seeking to enforce an alleged contract for employment after completion of his pediatric residency. Although the complaint referred to the contract, no copy was attached. William D. Shilling answered, noting that he was incorrectly named as "William P. Shilling," and denied the existence of the contract, contending that he worked "off and on" for Cornerstone and "was paid according to the time on the job." Shilling also moved for dismissal of the complaint and moved to strike certain allegations on the ground that the contract was not attached to the complaint. In interrogatories and requests for production, as well as multiple letters to counsel for Cornerstone, Shilling sought a copy of the contract. When the documents requested were not produced, Shilling filed a motion to compel.

At some time thereafter, Cornerstone produced not one but two contracts, one dated May 1, 1998, and one dated 2002, but with the month and day left blank. After the contracts were produced, Shilling filed a motion for summary judgment. This motion was denied by the trial court, which found "that there are material facts to which there are genuine issues to be decided by the trier of fact." Cornerstone then filed a motion for summary judgment. By letter, the trial court indicated that it would rule in favor of Cornerstone on the basis of paragraph 4 of the 1998 contract, and invited counsel to draft an appropriate order. The trial court entered that order approximately one month later.

In the interim, counsel for Shilling directed a letter to the judge enclosing an affidavit from Shilling, in which he stated that he had examined the signature on the purported contract for the first time during review of the proposed order. In his affidavit, Shilling swore that the signature on the purported contract was not his signature, that the typed name was not his name as the middle initial was incorrect, and that he would never have signed as "William P. Shilling" without correcting the middle initial.[1]

---

[1] On casual examination, the signature of "William P. Shilling" on the purported 1998 contract bears little if any resemblance to the signatures on William D. Shilling's affidavit of May 23, 2007, or on William D. Shilling's earlier affidavits on summary judgment. Nor was any attempt made to alter the incorrect spelling of Shilling's name.

Shilling was never deposed regarding the existence of the alleged contract. Cornerstone produced the purported contract belatedly and only after extensive correspondence and a motion to compel. In addition to the third affidavit in which he declared the signature on the purported contract to be a forgery, Shilling consistently denied the existence of a contract in his initial answer and subsequent pleadings. Cornerstone does not address this issue in its brief, beyond asserting that acceptance of the contract may be inferred from alleged part performance. However, the work Shilling acknowledges he performed for Cornerstone seems equally consistent with his contention that he worked on an hourly basis and was paid for the work performed, and those contradictory contentions create yet another issue of fact.

Although it had Shilling's affidavit and counsel's letter before it at the time, the trial court did not address this issue in the order appealed from. Nor did it address it in the earlier order in which it declared that genuine issues of material fact remained to be decided. The record contains no indication as to whether or when a hearing on either motion for summary judgment took place. Under these circumstances, summary judgment is, at best, premature.

Before the trial court — or this court — can interpret the provisions of the purported contract or consider the other issues raised on appeal such as the validity of claims in quantum meruit or of an agreement to agree, it must be established that this is indeed the contract between the parties. As the party relying on the contract, Cornerstone "had the burden of proving its existence and terms. [Cit.]" *Zurich American Ins. Co. v. Gen. Car & Truck Leasing System*, 258 Ga. App. 733, 735 (1) (574 SE2d 914) (2002). At trial, Cornerstone would have the burden "to prove by a preponderance of the evidence the existence and terms of the contract on which it relies for recovery. [Cit.]" *Wallace v. Triad Systems Financial Corp.*, 212 Ga. App. 665, 667 (442 SE2d 476) (1994). But in order to obtain summary judgment, Cornerstone "must meet the heavier burden of showing that no genuine issue of material fact remains on these issues for jury determination. [Cit.]" Id. That burden has not been met here, as the existence of the contract is a disputed issue of fact. Cornerstone's counsel acknowledges as much in his letter to the trial court responding to Shilling's affidavit, in which he denies that the signature on the purported contract is a forgery and offers to provide "an Affidavit from Cornerstone to that effect."[2] This is a classic example of a "battle of

---

[2] It does not appear that such an affidavit was filed, however.

the affidavits" and a disputed issue of material fact. The trial court therefore erred in granting Cornerstone's motion for summary judgment.

*Judgment reversed. Barnes, C. J., and Miller, J., concur.*

DECIDED MARCH 7, 2008.

*Jones, Cork & Miller, Carr G. Dodson*, for appellant.
*J. Hatcher Graham*, for appellee.