A09A2270. TECHBIOS, INC. v. CHAMPAGNE et al.

(688 SE2d 378)

JOHNSON, Presiding Judge.

Following a business dispute, TechBios, Inc. sued Chase Champagne and Taos Technologies, LLC for fraud, breach of contract, breach of the covenant of good faith and fair dealing, and breach of a private duty. Champagne and Taos filed a motion to dismiss, asserting that TechBios' complaint failed to state a claim upon which relief could be granted, and the trial court granted the motion. TechBios appeals, alleging that its complaint properly set forth each of its causes of action and that the trial court erred in dismissing its claims after considering matters outside of the pleadings. Because we find that TechBios' complaint sufficiently raises possible claims of recovery against both Champagne and Taos, we reverse.

It is well established that a motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted

---

in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.[1]

It is well established that a plaintiff is not required to plead in the complaint facts sufficient to set out each element of a cause of action so long as it puts the opposing party on reasonable notice of the issues that must be defended against.[2] "If within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient."[3] We review the trial court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under the de novo standard of review.[4]

So viewed, TechBios' complaint asserted that it is in the business of providing staffing and consulting services in the technology industry and that it entered into a business relationship with Champagne. The relationship continued after Champagne formed Taos, which is in the business of software development and consulting. TechBios, Champagne, and Taos entered into several written agreements, including a teaming agreement and a consulting agreement in early 2007.

During the course of their business relationship, and specifically in the teaming agreement, TechBios, Champagne, and Taos agreed to identify business opportunities for their mutual benefit. After TechBios successfully "placed" Champagne with an Atlanta-based hotel company, Champagne represented to TechBios that he would use his best efforts to identify opportunities for TechBios to conduct business with the hotel company. Instead, however, Champagne refused to provide TechBios with information regarding the work he was doing for the hotel company, and Champagne failed to disclose to TechBios that he had secured technology business with the hotel company that could have been profitable to TechBios if it had been able to participate.

TechBios alleges that the trial court erred in granting the motion to dismiss for failure to state a claim upon which relief could

---

[1] (Citation and punctuation omitted.) *Scouten v. Amerisave Mtg. Corp.*, 283 Ga. 72, 73 (1) (656 SE2d 820) (2008).

[2] *ReMax &c. Co. v. Tabsum, Inc.*, 280 Ga. App. 425, 426 (634 SE2d 77) (2006).

[3] *Martin v. Brown*, 222 Ga. App. 566, 567 (474 SE2d 742) (1996).

[4] *Walker County v. Tri-State Crematory*, 292 Ga. App. 411 (664 SE2d 788) (2008).

be granted because (i) the TechBios complaint adequately set forth each of the claims it asserted and (ii) the trial court improperly considered an unexecuted copy of the "teaming agreement" and an affidavit that was executed by Champagne and attached to the motion to dismiss.

1. We first address TechBios' claims that its complaint adequately set forth its claims for fraud, breach of contract, breach of the covenant of good faith and fair dealing, and breach of a private duty.

(a) To assert a claim for fraud in Georgia, a plaintiff must show (i) a false representation or omission of a material fact; (ii) scienter; (iii) intention to induce the party claiming fraud to act or refrain from acting; (iv) justifiable reliance; and (v) damages.[5] In most circumstances, actionable fraud cannot be predicated on a promise contained in a contract because fraud generally cannot be predicated on statements that are in the nature of promises as to future events, and to hold otherwise, "any breach of a contract would amount to fraud."[6] However, an exception to this rule exists "where a promise as to future events is made with a present intent not to perform or where the promisor knows that the future event will not take place."[7]

Here, TechBios' complaint asserted that Champagne, both individually and as the founder and president of Taos, represented that both Champagne and Taos would seek to identify business opportunities for TechBios and that they would present such opportunities to it. TechBios also asserted that Champagne knew at the time that he made such representations that the representations were false and that he sought to exploit his placement at the hotel company for his own benefit. While Champagne and Taos allege that the complaint failed to set forth a claim for fraud with sufficient particularity, as required by OCGA § 9-11-9 (b), the proper remedy for seeking more particularity is by motion for a more definite statement at the pleading stage or by the rules of discovery thereafter, not by filing a motion to dismiss.[8]

Because it was possible for TechBios to introduce evidence showing that the alleged false representations were made with a present intent not to perform, were designed to induce TechBios to act or refrain from acting, and resulted in damage to TechBios as a

---

[5] See, e.g., *BTL COM v. Vachon*, 278 Ga. App. 256, 258 (628 SE2d 690) (2006).

[6] (Citation and punctuation omitted.) *Hamilton v. Advance Leasing &c.*, 208 Ga. App. 848, 850 (2) (432 SE2d 559) (1993).

[7] *BTL COM*, supra; see also *Hamilton*, supra.

[8] See *Falanga v. Kirschner & Venker, P.C.*, 286 Ga. App. 92, 96-97 (1) (b) (648 SE2d 690) (2007).

result of its justifiable reliance, the trial court erred in dismissing TechBios' fraud claim for failure to state a claim upon which relief could be granted.[9]

(b) TechBios also alleges that the trial court erred in dismissing its claim for breach of contract. The elements for a breach of contract claim in Georgia are the breach, which must be more than de minimis, and the resultant damages to the party having the right to complain about the contract being broken.[10]

Here, TechBios asserted that Champagne and Taos entered into a teaming agreement in which they agreed to allow TechBios to participate in identified business opportunities, and that Champagne and Taos breached such agreement by failing to disclose the opportunities presented by the hotel company. As a result, TechBios alleged that it suffered damages in the form of lost profits and lost business opportunities. The complaint therefore sufficiently set forth a claim for breach of contract, and any dispute regarding the existence of an enforceable contract did not present grounds for dismissal.[11]

(c) We also find that the trial court erred in dismissing TechBios' claim for breach of the covenant of good faith and fair dealing. In Georgia, "every contract imposes upon each party a duty of good faith and fair dealing in the performance of their respective duties and obligations."[12] Here, TechBios alleged that it entered into several written agreements with Champagne and Taos, including the teaming agreement, and that Champagne and Taos violated the implied covenant of good faith and fair dealing by usurping corporate opportunities from it. As found above, TechBios has adequately set forth a claim of breach of contract of the teaming agreement, and duties imposed by the teaming agreement also serve as a sufficient basis for its claim that Champagne and Taos breached the implied covenant of good faith and fair dealing.[13]

(d) We also find that the trial court erred in dismissing TechBios' claim for breach of a private duty. OCGA § 51-1-8 provides that private duties may arise from statute or relations created by contract, whether express or implied, and it creates a cause of action for violations of a private duty that are accompanied by damage. Here,

---

[9] See *Scouten*, supra at 74 (2); *State Farm &c. Ins. Co. v. Health Horizons*, 264 Ga. App. 443, 448 (590 SE2d 798) (2003).

[10] *Kuritzky v. Emory Univ.*, 294 Ga. App. 370, 371 (1) (669 SE2d 179) (2008).

[11] See *Shilling v. Cornerstone Med. Assocs.*, 290 Ga. App. 169, 171 (659 SE2d 416) (2008).

[12] (Citation and punctuation omitted.) *Kennedy v. Droughton Trust*, 277 Ga. App. 837, 840 (1) (627 SE2d 887) (2006).

[13] *Myung Sung Presbyterian Church v. North American Assn. of Slavic Churches &c.*, 291 Ga. App. 808, 810-811 (2) (662 SE2d 745) (2008).

TechBios claimed that private duties were created by the agreements it entered into with Champagne and Taos and the relationship that developed between the parties. While mere breach of contract does not result in liability for violation of a private right pursuant to OCGA § 51-1-8,[14] it is possible that TechBios may introduce evidence within the framework of the complaint showing that its relationship with Champagne and Taos was the type of special or confidential relationship that may give rise to such duties.[15] While we note that no such evidence is found in the record, the trial court erred in dismissing TechBios' claim for failure to state a claim upon which relief could be granted.[16]

2. TechBios also alleges that the trial court improperly considered an unexecuted copy of the "teaming agreement" and an affidavit attached to the motion to dismiss. TechBios asserts the trial court therefore should have treated the motion to dismiss as a motion for summary judgment and proceeded under the requirements of OCGA § 9-11-56. While we note that OCGA § 9-11-12 (b) prohibits the trial court from considering matters outside the pleadings in ruling upon a motion to dismiss for failure to state a claim upon which relief can be granted, we need not consider this enumeration given our holding in Division 1.

*Judgment reversed and case remanded. Ellington and Mikell, JJ., concur.*

DECIDED DECEMBER 11, 2009.

*Frederick S. Sugarman, Alexandra M. Dishun*, for appellant.
*Stephen M. Katz*, for appellees.

---

[14] See *Odem v. Pace Academy*, 235 Ga. App. 648, 657 (3) (510 SE2d 326) (1998).
[15] *Tidikis v. Network For Med. &c.*, 274 Ga. App. 807, 810 (1) (619 SE2d 481) (2005).
[16] See id.