[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13291

Non-Argument Calendar

_____

JEAN PARAISON,

Plaintiff-Appellant,

versus

NATIONSTAR MORTGAGE, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-03379-JPB

_____

Before ROSENBAUM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Jean Paraison appeals the district court's dismissal of his action against Nationstar Mortgage, LLC, for failure to state a claim. Paraison was the successful bidder in an auction for a piece of real property sold by Nationstar. After the parties signed a purchase agreement, Nationstar's real estate agent allegedly called Paraison and attempted to dissuade him from moving forward with the transaction. The closing company selected by Nationstar also failed to timely provide Paraison with a title report when he requested one. As a result, Paraison asserts that he and his lender were unable to perform the requisite due diligence in time for the closing date.

Paraison sued for breach of contract and discrimination based on race and nationality. Nationstar moved for dismissal under Federal Rule of Civil Procedure 12(b)(6), which the district court granted. Because Nationstar did not breach any duties under the contract, and because Paraison's allegations of discrimination are conclusory and speculative, we affirm.

I.

According to Paraison's complaint, he was the successful bidder in an auction for a piece of Georgia real estate sold by Nationstar. After the auction, Paraison paid earnest money and the parties entered into a purchase agreement setting forth the terms of the transaction. This agreement included an exhibit that directed

the parties to contact the closing company (a law firm selected by Nationstar) for a preliminary title report. The agreement also contained a provision stating that Paraison would "bear the . . . sole responsibility of obtaining" a property survey, should one be required for closing.

Paraison alleges that, after he signed the agreement, Nationstar's real estate agent called him and said that he should "back out of the deal," that the property was in "bad condition," and that he would "lose his money" because of the transaction. Paraison later asked the closing company for a preliminary title report, but it failed to provide him with one. Because of the resulting delay, Paraison was unable to obtain the survey that was necessary to remove a title exception before the closing date. When his lender eventually obtained the title report, it asked Nationstar's closing agent to remove the title exception, but the agent refused.

Paraison sued Nationstar in federal district court. He argued that Nationstar had breached the purchase agreement by failing to deliver good and marketable title to the property and by failing to provide the title report that his lender needed for closing. He also claimed that Nationstar violated the federal Fair Housing Act and the Georgia Fair Housing Act by discriminating against him as an African American male with a Haitian accent. He requested that Nationstar be required to convey title to the property in exchange for the agreed-upon purchase price. He also requested civil penalties and expenses of litigation.

Nationstar then moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion. Regarding the breach of contract claim, it reasoned that Nationstar was not required under the purchase agreement to provide a title report or remove the title exception. It also concluded that Nationstar could terminate the contract because it was unable or elected not to address the title exception. As for the discrimination claims, the court found Paraison's allegations too speculative and conclusory to state a claim for relief. It therefore dismissed the action, and Paraison timely appealed.

## II.

"We review de novo a district court's order granting a motion to dismiss for failure to state a claim." *Boyle v. City of Pell City*, 866 F.3d 1280, 1286 (11th Cir. 2017). In doing so, we "accept[] the factual allegations in the complaint as true and construe[] them in the light most favorable to the plaintiff." *Speaker v. U.S. Dep't of Health & Hum. Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, it must "raise a right to relief above the speculative level," *id.* at 555, and must contain more than "naked assertions devoid of further factual enhancement." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up) (quoting *Twombly*, 550 U.S. at 557)).

## III.

Paraison argues that the district court erred by dismissing his claims for breach of contract and discrimination. We address each of those claims and conclude that dismissal was proper.

### A.

First, Paraison argues that the closing company, as Nationstar's agent, breached the purchase agreement by failing to timely provide him with a title report when he asked for it. "The elements for a breach of contract claim in Georgia are the breach . . . and the resultant damages to the party having the right to complain about the contract being broken." *TechBios, Inc. v. Champagne*, 688 S.E.2d 378, 381 (Ga. Ct. App. 2009). When, as here, the language of a contract is "clear and unambiguous," Georgia courts "simply enforce[] the contract according to its clear terms" and "no construction is required." *Envision Printing, LLC v. Evans*, 786 S.E.2d 250, 252 (2016) (quoting *Steel, Inc. v. Delta Bldg. Sys., Inc.*, 676 S.E.2d 451, 453 (2009)).

Paraison points to two parts of the purchase agreement in support of his breach of contract claim: Exhibit A to the agreement and Section 8(F). The problem for Paraison is that neither section of the agreement required Nationstar to provide him with a title report.

Exhibit A to the purchase agreement states, "Please refer to preliminarily [sic] Title Report. Contact the Closing Company for this report." To Paraison's point, this statement does seem to pre-suppose that the closing company, which Nationstar chose, would have the title report available. But even assuming the closing company was Nationstar's agent, this provision does not oblige anyone to prepare the report.

Paraison also argues that the delay in providing a title report prevented him from obtaining the property survey that was neces-sary to remove the title exception in time for closing. He asserts that the need for a survey was "contemplated" by Section 8(F) of the purchase agreement. But that section also does not impose any duty on Nationstar. As relevant, it states only that the "Buyer shall bear the . . . sole responsibility of obtaining a survey acceptable to the Title company and any lender." Paraison—the buyer—was re-sponsible for ensuring that he obtained a survey.

*B.*

Second, Paraison argues that Nationstar violated the federal Fair Housing Act and the Georgia Fair Housing Act by discriminat-ing against him based on his race and nationality. *See* 42 U.S.C. § 3604(b); Ga. Code § 8-3-202(a). He alleges that Nationstar's real es-tate agent called him and said that he should "back out of the deal," that the property was in "bad condition," and that he would "lose his money" because of the transaction. As a result of the call, he asserts that he was effectively prevented from closing on the

property. And he argues that the real estate agent's remarks could only have been motivated by his status as an African American with a Haitian accent.

As the district court correctly observed, these allegations are nothing more than "naked assertions devoid of further factual enhancement." *See Iqbal*, 556 U.S. at 678. Paraison has not alleged any facts establishing a connection between his race or nationality and the real estate agent's statements. He has therefore fallen short of the pleading standard in *Twombly* by failing to "raise a right to relief above the speculative level." 550 U.S. at 555.

## IV.

The district court correctly granted Nationstar's motion to dismiss as to the claims raised on appeal. We therefore **AFFIRM**.